**D. Sam Han, Esq. (DH6537)**
**SOBEL HAN, LLP**
**Attorneys at Law**
**120 Sylvan Avenue**
**Suite 304**
**Englewood Cliffs, New Jersey 07632**
**(201) 603-3697**
**Attorneys for Plaintiff**
        **Anyclo International Inc.**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### VICINAGE OF TRENTON

| | |
|---|---|
| ANYCLO INTERNATIONAL INC., a corporation, | Civil Action |
| Plaintiff, | Case No. |
| vs. | |
| YANG-SUP CHA, an individual, NAM-HEE KIM, an individual, STAFFORD CHA, an individual, ANYCLO USA, INC., a corporation, MOJO MOTO, LLC, a corporation, JOHN DOES (1-20), JANE DOES (1-20) and ABC CORPORATIONS (1-10), | |
| Defendants. | **Document Electronically Filed** |

### <u>COMPLAINT AND JURY DEMAND</u>

Plaintiff Anyclo International Inc., through its attorneys, Sobel Han, LLP, 120 Sylvan Avenue, Suite 304, Englewood Cliffs, New Jersey, by way of this Complaint against Yang-Sup Cha, Nam-Hee Kim, Stafford Cha, Anyclo USA, Inc., Mojo Moto, LLC, John Does (1-20), Jane Does (1-20) and ABC Corporations (1-10) says:

1

## NATURE OF THE CASE

1.      This case arises from Plaintiff's recent discovery of a fraudulent scheme of significant proportion that was perpetrated by Defendants. Plaintiff discovered that Defendants have engaged in a course of conduct which has defrauded Plaintiff of hundreds of thousands of dollars. Specifically, Defendants have misappropriated Plaintiff's assets, converted Plaintiff's funds, fabricated lease documents, have refused to pay Plaintiff moneys received from third-party buyers for goods manufactured and delivered by Plaintiff, and Defendants have refused to return Plaintiff's assets and property despite numerous demands.

## THE PARTIES

2.      Anyclo International Inc. ("Anyclo International") is a foreign corporation organized under the laws of South Korea, with its principal place of business located in Seoul, South Korea.

3.      Upon information and belief, Defendant Yang-Sup Cha ("YS Cha"), an individual, is domiciled-resident of the State of New Jersey residing in Manalapan, New Jersey 07726.

4.      Upon information and belief, Defendant Nam-Hee Kim ("NH Kim"), an individual, is domiciled-resident of the State of New Jersey residing in Manalapan, New Jersey 07726.

5.      Upon information and belief, Defendant Stafford Cha, an individual, is domiciled-resident of the State of New Jersey residing in Manalapan, New Jersey 07726.

6.      Upon information and belief, Defendant Anyclo USA, Inc., a corporation, is a corporation incorporated in the State of New York.

7.      Upon information and belief, Mojo Moto, LLC, is a limited liability company registered to do business in the State of New Jersey.

8.      Defendants John and Jane Does (1-20) are persons whose identities are presently unknown to Plaintiff and who, upon information and belief, were participants in Defendants' fraudulent scheme and/or otherwise aided, abetted or benefited from the events more particularly set forth in this Complaint.

9.      Defendants ABC Corporations (1-10) are corporations, partnerships, or other business entities whose identities are presently unknown to Plaintiff and which, upon information and belief, were participants in Defendants' fraudulent scheme and/or otherwise aided, abetted or benefited from the events more particularly set forth in this Complaint.

## JURISDICTION

10.     The amount in controversy in this matter, exclusive of interest and costs, exceeds the sum or value of $75,000.00.

11.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties in this matter are diverse and the amount in controversy exceeds $75,000.00.

12.     Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 (federal question); 18 U.S.C. § 1964, the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and 28 U.S.C. § 1367(a) (supplemental jurisdiction), as the state common law claims are so related to the federal claims that they form part of the same case under Article III of the United States Constitution.

13.     This Court has personal jurisdiction over all Defendants pursuant to 28 U.S.C. § 1965.

## VENUE

14.     Venue in this action is properly laid in this Court pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

### A. BACKGROUND FACTS

15.     Plaintiff Ayclo International is a textile/clothing manufacturer with factories located in various parts of Asia. To that end, Anyclo International provides finished goods to buyers in the United States who in turn resell the finished goods at the retail level.

16.     In 2016, Anyclo International was looking for opportunities to expand its market share in the New York metropolitan area. Defendant YS Cha submitted his resume for the marketing position and in October 2016 Defendant YS Cha met with Anyclo International and proposed ways to develop and expand the pool of buyers in the New York metropolitan area. In order to facilitate the marketing plan, Anyclo International and Defendant YS Cha discussed incorporating a New York corporation to be wholly owned by Anyclo International as a de facto branch office in the United States of America.

17.     In October 2016, Anyclo International hired Defendant YS Cha to proceed with expansion plans in the New York metropolitan area and assist in creating a New York corporation to be wholly owned by Anyclo International.

18.     On or about November 1, 2016, Anyclo International wired the sum of $10,000.00 to Defendant Stafford Cha, as seed money, to establish a New York corporation to be wholly owned by Anyclo International.

19.     The $10,000.00 sum was sent due to Defendant YS Cha informing Anyclo International that there was a $15.00 wire fee, $6,300.00 as a security deposit for a New York

City office, $2,100.00 as first month's prorated rent for November 2016, a $500.00 fee for the office suite set-up, and a $582.02 landline set up fee imposed by AT&T.

20.    In November 2016, Anyclo International provided detailed information to Defendant YS Cha and Daniel Cho, a certified accountant, in order to establish Anyclo USA, a New York corporation to be wholly owned by Anyclo International. Specifically, Anyclo International provided the entity's name (i.e., Anyclo USA), ownership structure (i.e., wholly owned by Anyclo International), president/chief executive officer to be listed (i.e., Dong Geun Song), and other relevant information necessary to establish Anyclo USA.

21.    In November 2016, Defendant YS Cha requested the President of Anyclo International, Dong Geun Song, send a copy of his South Korean passport in order to register Mr. Song as the owner of Anyclo USA. Defendant YS Cha confirmed that the certified public accountant, Daniel Cho, would be assisting in this matter.

22.    In December 2016, Defendant YS Cha confirmed that Anyclo USA had been established as requested by Anyclo International and provided copies of the common shares, employer identification number and business certificate. Defendant YS Cha further indicated that he was the listed agent of Anyclo USA and that he would deliver the original stock certificate to Anyclo International during his visit to South Korea in 2017.

**B. THE CONTEMPLATED VENTURE**

23.    Anyclo International agreed to retain the services of Defendant YS Cha to assist in the establishment of Anyclo USA and further expand its marketing efforts to attract new buyers for its goods in the New York metropolitan area.

24.    Anyclo International agreed to pay $13,000.00 per month, which included fixed monthly costs as follows: $2,558.57 monthly office rent, $1,000.00 commuting reimbursement,

$8,962.23 salary, $214.20 workers compensation, $250.00 monthly maintenance charge to Daniel Cho, certified public accountant, and a $15.00 incoming wire fee.

25.    Defendant YS Cha was directed to establish Anyclo USA as a corporation incorporated in the State of New York and wholly owned by Anyclo International.

26.    Anyclo USA was incorporated for the specific purpose of Anyclo International establishing a local presence.

27.    It was contemplated that buyers would placed orders with Anyclo USA, Anyclo USA would in turn forward the orders to Anyclo International for manufacturing, Anyclo International would manufacture and ship the goods to buyers, the buyers would pay Anyclo USA upon receipt of goods, and Anyclo USA would forward the moneys received from buyers to Anyclo International.

28.    Defendant YS Cha subsequently requested an email address be established for Defendant NH Kim, i.e., Defendant YS Cha's wife, so that Defendant NH Kim could assist him and Anyclo International in its efforts to expand in the New York metropolitan area.

29.    In June 2017, Defendant YS Cha visited Anyclo International's headquarters in South Korea and presented stock certificates and informed Anyclo International that inscribing Anyclo International on the stock certificates issued by Anyclo USA would in fact establish Anyclo International as the owners of Anyclo USA.

## C. GENERAL ALLEGATIONS

30.    Upon information and belief, Defendants YS Cha, NH Kim and Stafford Cha never intended to establish Anyclo USA as a wholly owned subsidiary of Anyclo International. Rather, the Defendants conspired to make it appear as if Defendant YS Cha was following

Anyclo International's directives when it fact Defendants created Anyclo USA as a corporation owned by one or more of the Defendants as described in greater detail below.

31.     Upon information and belief, Defendant YS Cha, with the assistance of Defendants NH Kim and Stafford Cha, created documents to appear as if Anyclo USA was incurring operational costs, when it fact it was not, and submitted same to Anyclo International for reimbursement. Anyclo International, under the belief that the costs incurred by Anyclo USA were valid, and under the belief that it was the sole owner of Anyclo USA, wired moneys to Defendant Stafford Cha and later to an account established for the benefit of Anyclo USA to pay for its monthly operational costs.

32.     On or about November 30, 2016, Anyclo International wired the sum of $15,000.00 to Defendant Stafford Cha for December 2016 salary and expenses. Specifically, Defendant YS Cha indicated that in addition to the agreed upon $13,000.00 monthly cost as outlined above, there was an additional $1,300.00 paid to Daniel Cho, certified public accountant, for preparing and filing the incorporation documents for Anyclo USA.

33.     On or about December 30, 2016, Anclo International wired the sum of $13,000.00 to Defendant Stafford Cha for January 2017 salary and expenses as outlined above. In 2016, a total of $38,000.00[1] was wired from Anyclo International to Defendant Stafford Cha's bank account at JP Morgan Chase.

34.     On or about January 26, 2017, Anyclo International wired the sum of $13,000.00 to Defendant Stafford Cha for February 2017 salary and expenses as outlined above. In 2017, a total of $13,000.00 was wired from Anyclo International to Defendant Stafford Cha's bank account at JP Morgan Chase.

---

[1] This amount includes $10,000.00 wired to Stafford Cha's bank account on or about November 1, 2016.

35.     Anyclo USA subsequently established a bank account at Bank of America.

36.     On or about March 7, 2017, Anyclo International wired the sum of $15,000.00 to Anyclo USA's bank account at Bank of America for March 2017 salary and expenses as outlined above, with an additional $806.35 to cover reimbursement for a business trip allegedly taken by Defendant YS Cha.

37.     On or about March 24, 2017, Anyclo International wired the sum of $10,000.00 to Anyclo USA's bank account at Bank of America for April 2017 salary and expenses as outlined above. The balance to be taken from payments received from buyers.

38.     On or about April 24, 2017, Anyclo International wired the sum of $13,000.00 to Anyclo USA's bank account at Bank of America for May 2017 salary and expenses as outlined above.

39.     On or about May 25, 2017, Anyclo International wired the sum of $13,000.00 to Anyclo USA's bank account at Bank of America for June 2017 salary and expenses as outlined above.

40.     On or about June 23, 2017, Anyclo International wired the sum of $13,000.00 to Anyclo USA's bank account at Bank of America for July 2017 salary and expenses as outlined above.

41.     On or about July 25, 2017, Anyclo International wired the sum of $13,000.00 to Anyclo USA's bank account at Bank of America for August 2017 salary and expenses as outlined above.

42.     On or about August 24, 2017, Anyclo International wired the sum of $10,000.00 to Anyclo USA's bank account at Bank of America for a portion of September 2017 salary and expenses as outlined above. The balance to be taken from payments received from buyers.

43.     On or about September 29, 2017, Anyclo International wired the sum of $10,000.00 to Anyclo USA's bank account at Bank of America for a portion of October 2017 salary and expenses as outlined above. The balance to be taken from payments received from buyers.

44.     On or about October 25, 2017, Anyclo International wired the sum of $3,000.00 to Anyclo USA's bank account at Bank of America for a portion of November 2017 salary and expenses as outlined above.

45.     On or about October 25, 2017, Anyclo International wired the sum of $10,093.20 to Anyclo USA's bank account at Bank of America for the balance of November 2017 salary and expenses as outlined above.

46.     On or about November 28, 2017, Anyclo International wired the sum of $10,925.13 to Anyclo USA's bank account at Bank of America for a portion of December 2017 salary and expenses as outlined above. The balance to be taken from payments received from buyers.

47.     On or about January 26, 2018, Anyclo International wired the sum of $13,000.00 to Anyclo USA's bank account at Bank of America for January 2018 salary and expenses as outlined above.

48.     In the year 2017, Anyclo International wired a total sum of $121,018.33 to Anyclo USA's bank account at Bank of America to cover the operational costs of Anyclo USA.

49.     In the year 2018, Anyclo International wired a total sum of $13,000.00 to Anyclo USA's bank account at Bank of America to cover the operational costs of Anyclo USA.

50.     The total amount wired by Anyclo International to Anyclo USA's bank account at Bank of America was $134,018.33.

51.     At all times relevant, Reflex Performance Resources, Inc. ("RPR") purchased finished goods manufactured by Anyclo International.

52.     On or about May 1, 2017, RPR paid Anyclo USA $203,574.00 for goods manufactured and delivered by Anyclo International. In May 2017, Anyclo USA wired $200,900.20 to Anyclo International.

53.     On or about June 8, 2017, RPR paid Anyclo USA $55,440.00 for goods manufactured and delivered by Anyclo International. In June 2017, Anyclo USA wired $54,555.00 to Anyclo International.

54.     In addition to the aforementioned payments, RPR made the following payments to Anyclo USA for goods manufactured and delivered by Anyclo International.

| | |
|---|---|
| December 8, 2017 | $119,697.68 |
| January 12, 2018 | $70,452.00 |

55.     Despite receiving $190,149.68 from RPR, Anyclo USA refused to remit same to Anyclo International.

56.     At all time relevant, Jacques Moret, Inc. ("Moret") purchased finished goods manufactured by Anyclo International.

57.     On or about August 18, 2017, Moret paid Anyclo USA $318,945.78 for goods manufactured and delivered by Anyclo International. In August 2017, Anyclo USA wired $315,881.63 to Anyclo International.

58.     On or about September 18, 2017, Moret paid Anyclo USA $46,249.00 for goods manufactured and delivered by Anyclo International. In September 2017, Anyclo USA wired $45,793.00 to Anyclo International.

59.     On or about October 14, 2017, Moret paid Anyclo USA $35,150.40 for goods manufactured and delivered by Anyclo International. In October 2017, Anyclo USA wired $34,659.00 to Anyclo International.

60.     On or about November 14, 2017, Moret paid Anyclo USA $48,810.00 for goods manufactured and delivered by Anyclo International. In November 2017, Anyclo USA wired $48,765.00 to Anyclo International.

61.     On or about December 14, 2017, Moret paid Anyclo USA $46,295.88 for goods manufactured and delivered by Anyclo International. In December 2017, Anyclo wired $46,250.88 to Anyclo International.

62.     In addition to the aforementioned payments, Moret made the following payments to Anyclo USA for goods manufactured and delivered by Anyclo International.

| | |
|---|---|
| September 12, 2017 | $3,802.38 |
| January 5, 2018 | $2,916.00 |
| January 12, 2018 | $14,172.00 |
| January 12, 2018 | $81,760.24 |
| February 8, 2018 | $135,826.80 |
| February 8, 2018 | $64,515.00 |
| February 8, 2018 | $22,048.30 |
| February 8, 2018 | $5,995.20 |
| February 8, 2018 | $26,286.48 |

63.     Despite receiving $357,322.40 from Moret, Anyclo USA refused to remit same to Anyclo International.

64.     Anyclo International repeatedly requested Defendants YS Cha and NH Kim to remit payments totaling $547,472.08 from RPR and Moret (held by Anyclo USA) but Defendant YS Cha and NH Kim denied receiving payments from either party.

65.     In February 2018, Anyclo International confirmed directly with RPR and Moret that they had in fact made all the aforementioned payments to Anyclo USA for goods manufactured and delivered by Anyclo International. RPR and Moret confirmed all payment were made and provided proof of payment; contradicting Defendant YS Cha and Defendant NH Kim's statements to Anyclo International that payment had not been received from either buyers.

66.     RPR and Moret inquired as to whether or not payment was forwarded to Anyclo International from Anyclo USA and Anyclo International informed RPR and Moret that payments for the goods manufactured and delivered by Anyclo International had not been received from Anyclo USA.

67.     Beginning on or around February 14, 2018, Defendants YS Cha and NH Kim suddenly, and without any explanation, ceased all communications with Anyclo International.

68.     On or around February 28, 2018, the President of Anyclo International, Dong Geun Song, arrived in New York in an attempt to meet with Defendants YS Cha, NH Kim and Stafford Cha, and obtain moneys Anyclo International was due.

69.     In March 2018, Mr. Song visited Anyclo USA's New York address and discovered that Anyclo USA did not in fact rent a space from that location. Anyclo International subsequently discovered that Mojo Moto, LLC was an entity owned by Defendant NH Kim and that Mojo Moto, LLC was not the owner of the office space Anyclo USA allegedly rented and paid rent to.

70.     In March 2018, after repeated calls and text messages to Defendants, Mr. Song was able to schedule a meeting with Defendants YS Cha and NH Kim that occurred on or about March 19, 2018.

71.     During that meeting, Defendants YS Cha and NH Kim demanded Anyclo International send an electronic mail to RPR and Moret informing them that the funds that had not been forwarded to Anyclo International was simply a misunderstanding. Then, and only then, Defendants YS Cha and NH Kim stated that the funds would be released.

72.     In addition, Defendants YS Cha and NH Kim demanded that Anyclo International guarantee a 2-year employment agreement reverting back to the original start date in November 2016 and ending on October 31, 2018, and further demanded an incentive based on sales be placed into the employment.

73.     Mr. Song, under extreme pressure and undue influence, informed Defendants YS Cha and NH Kim that the funds being held must be wired to Anyclo International if the parties were going to discuss moving forward.

74.     Defendants YS Cha and NH Kim refused to agree to release the funds but agreed a portion of the moneys would be wired; balance to be wired after the electronic mail was sent to buyers and a 2-year employment agreement secured.

75.     On or about March 21, 2018, Anyclo International received a wire of $250,000.00 from Anyclo USA.

76.     Demand has been made for the balance of payments received from third-party buyers in the amount of $297,472.08 for goods manufactured and delivered by Anyclo International but Defendants have refused to remit same.

13

## COUNT I
### (Breach of Contract)

77.     Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

78.     Since the inception of their relationship, Plantiff and Defendant YS Cha operated under an agreement to further Anyclo International's market share in the New York metropolitan area. Under the agreement between Anyclo International and Defendant YS Cha, Defendant YS Cha was directed to establish a New York entity wholly owned by Anyclo International and to further Anyclo International's market share of the New York metropolitan area by meeting with buyers of goods manufactured by Anyclo International.

79.     Plaintiff and Defendant YS Cha further agreed that upon sale and delivery of goods manufactured by Anyclo International to buyers, and upon receipt of payment by Anyclo USA from buyers, Anyclo USA would forward the moneys received to Anyclo International.

80.     Defendant YS Cha, however, breached the agreement by: (a) failing to establish Anyclo USA as a wholly owned entity of Anyclo International incorporated under the laws of the State of New York, (b) failing to remit the balance of $297,472.08 to Anyclo International for payments received from third-parties for goods manufactured and delivered by Anyclo International, and (c) misallocating and/or misappropriating Anyclo International's funds.

81.     At or about the time Anyclo International established an electronic mail address for Defendant NH Kim, Plaintiff and Defendant NH Kim operated under an agreement for NH Kim to assist her husband, Defendant YS Cha, in furthering Anyclo International's objective as outlined above.

82.     Defendant NH Kim, however, breached the agreement by:  (a) failing to remit the balance of $297,472.08 to Anyclo International for payments received from third-parties for goods manufactured and delivered by Anyclo International, (b) misallocating and/or misappropriating Anyclo International's funds, and (c) creating a fraudulent lease purportedly showing an office lease between Defendant Mojo Moto, LLC (i.e., an entity owned by Defendant NH Kim) and Anyclo USA, in order to induce payments from Anyclo International for the cost of the alleged rental.

WHEREFORE, for all the reasons set forth herein, Anyclo International requests that this Court enter judgment in its favor and against Defendants Yang-Sup Cha and Nam-Hee Kim in the amount not less than $75,000.00, together with interest, costs, and attorneys' fees, and any such other relief as the Court may deem just, equitable or appropriate in these circumstances.

## COUNT II
### (Common Law Conversion)

83.     Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

84.     Plaintiff transferred funds to Defendant Stafford Cha and Defendant Anyclo USA for the sole purpose of Anyclo International directing those funds to pay for start up and operating costs incurred by Defendant Anyclo USA.

85.     These funds rightfully belonged to Anyclo International; Defendant Stafford Cha and Defendant Anyclo USA were duty-bound as Anyclo International's paying-agent to tender payment for actual operating costs incurred.

86.     Despite the foregoing, Defendant Stafford Cha and Defendant Anyclo USA both knowingly and wrongly converted Anyclo International's funds by diverting funds to accounts and entities as a result of fabricated operating costs, including, but not limited to, office rent.

This improper diversion of Anyclo International's funds constitutes wrongful conversion of Anyclo International's property and violates common law conversion under New Jersey law.

87.     In addition, during 2016 and 2017, Anyclo International supplied hundreds of manufactured textile samples worth in excess of $30,000.00 to Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha for use in its marketing efforts.

88.     Anyclo International has repeatedly requested the return of the samples to no avail.

89.     Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha were duty-bound as Anyclo International's agent to return the samples to Anyclo International but have refused to return the same. This improper diversion of Anyclo International's samples constitutes wrongful conversion of Anyclo International's property and violates common law conversion under New Jersey law.

90.     In addition, third-party buyers RPR and Moret transferred funds to Defendant Anyclo USA for goods manufactured and delivered by Anyclo International.

91.     These funds rightfully belong to Anyclo International.

92.     Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha were duty-bound as Anyclo International's agent to tender payments received from third-party buyers to Anyclo International but have refused to tender same.

93.     Anyclo International has suffered damages as a direct and proximate result of Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha's conversion of funds. Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha's conduct was malicious and they have acted in wanton and willful disregard of Plaintiff's rights to its property and the aforementioned

payments from third-party buyers; therefore, Anyclo International is entitled to treble damages, plus costs and attorneys' fees.

WHEREFORE, for all the reasons set forth herein, Anyclo International respectfully requests that this Court enter judgment in its favor and against Defendants Yang-Sup Cha, Nam-Hee Kim, Stafford Cha and Anyclo USA, jointly and severally, in an amount not less than $75,000.00, together with treble damages, interest, costs, and attorneys' fees, and any such other relief as the Court may deem just, equitable or appropriate in these circumstances.

### COUNT III
### (Embezzlement)

94.     Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

95.     As part of Anyclo International's arrangement with Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha, Anyclo International entrusted Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha with funds to be used for payment of start up and operating costs incurred by Anyclo USA. These funds rightfully belonged to Anyclo International, and Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha were duty-bound as Anyclo International's paying-agent to tender payment of the funds for valid operational costs incurred by Anyclo USA.

96.     Anyclo International further entrusted Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha to forward payments received from third-party buyers for goods manufactured and delivered by Anyclo International to said buyers.

97.     Anyclo International and Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha had a relationship of trust and confidence whereby Anyclo International relied upon Defendants to: (a) provide accurate and truthful invoices for costs incurred by Anyclo USA, (b)

17

issue payment(s) as required, and (c) receive payments from third-party buyers for goods manufactured and delivered by Anyclo International and remit same to Anyclo International.

98.     Despite this, Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha wrongfully and intentionally converted Anyclo International's funds to fabricated overhead costs and to accounts and entities owned by one or more of the Defendants. Further, Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha wrongfully and intentionally converted Anyclo International's funds by refusing to forward payments received from third-party buyers for goods manufactured and delivered by Anyclo International; thereby, embezzling Anyclo International's property.

99.     Anyclo International has suffered damages as a direct and proximate result of Defendants' embezzlement.

WHEREFORE, for all the reasons set forth herein, Anyclo International respectfully requests that this Court enter judgment in its favor against Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha, jointly and severally, in an amount not less than $75,000.00, together with interest, costs, and attorneys' fees, and any such other relief as the Court may deem just, equitable and appropriate in these circumstances.

## COUNT IV
## (Unjust enrichment/Quantum Meruit)

100.    Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

101.    This claim is pled in the alternative only in the event that the Court finds that no enforceable contract exists or existed between Plaintiff and Defendants Anyclo USA, Mojo Moto, LLC, YS Cha, NH Kim and Stafford Cha, or that the contract(s) that do/did exist do not provide a basis for Plaintiff to recover all of its damages in this action.

102.    By means of the wrongful conduct set forth above, Defendants Anyclo USA, Mojo Moto, LLC, YS Cha, NH Kim and Stafford Cha have improperly retained an estimated $185,018.33 in overhead costs and an additional $297,472.08 in payments from third-party buyers.

103.    Of the $185,018.33 in overhead costs, an alleged $36,131.44 was paid by Anyclo USA to Mojo Moto, LLC for rental of office space.

104.    Plaintiff subsequently discovered that the lease provided by Defendants YS Cha and NH Kim as proof of office rental by Anyclo USA was fabricated and that Mojo Moto, LLC to whom rent was being paid was actually an entity wholly owned by Defendant NH Kim.

105.    Defendants have failed to compensate Plaintiff for the improper use and retention of those funds.

106.    Defendants have, therefore, been unjustly enriched and have received a significant benefit that, in justice and in equity, they should not be entitled to retain.

107.    To avoid inequity and injustice, the Court should enter judgments in Anyclo International's favor and against Defendants for the full value of the benefits that Defendants have unjustly retained.

WHEREFORE, for all the reasons set forth herein, Anyclo International respectfully requests that this Court enter judgment in its favor and against Defendants Anyclo USA, Mojo Moto, LLC, Yang-Sup Cha, Nam-Hee Kim and Stafford Cha, jointly and severally, in an amount not less than $75,000.00, together with interest, costs, and attorneys' fees, and any such other relief as the Court may deem just, equitable and appropriate in these circumstances.

**COUNT V**
**(Constructive Trust)**

108.    Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

109.    As discussed throughout this Complaint, Defendant YS Cha did not create Anyclo USA as a wholly owned entity by Anyclo International as directed Plaintiff.

110.    The funds that Defendant Anyclo USA misappropriated, converted, and/or otherwise fraudulently obtained rightfully belong to Anyclo Interntional.

111.    It is unconscionable for Defendant Anyclo USA to retain the misappropriated funds, and Defendant Anyclo USA will remain unjustly enriched unless a constructive trust in favor of Anyclo International is imposed on the misbegotten funds.

112.    Upon information and belief, Defendant Anyclo USA holds the illegally received money in the form of bank accounts that can be located and traced.

113.    Accordingly, a constructive trust is necessary to do equity and to prevent unjust enrichment.

WHEREFORE, Anyclo International requests that this Court impose a constructive trust in favor of Anyclo International for the funds improperly received and retained by Defendant Anyclo USA in an amount not less than $75,000.00, together with interest, costs, and attorneys' fees, and grant any such other relief as the Court may deem just, equitable or appropriate in these circumstances.

## COUNT VI
### (Fraud or Misrepresentation)

114.    Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

115.    Defendant YS Cha agreed to create Anyclo USA as a wholly owned corporation of Anyclo International.

116.    Plaintiff wired moneys to Defendant Stafford Cha in order to facilitate creating Anyclo USA as a wholly owned corporation of Anyclo International.

117.    However, Defendant YS Cha misrepresented his intention with regard to creating Anyclo USA. Rather than creating Anyclo USA as a wholly owned corporation of Anyclo International, Defendant YS Cha intentionally listed himself, and/or Defendant NH Kim and/or Defendant Stafford Cha as the owner(s) of Anyclo USA and misled Plaintiff.

118.    At the time Plaintiff hired Defendant YS Cha to expand Anyclo International's market share of the New York metropolitan area, and the parties discussed Plaintiff establishing a New York corporation wholly owned by Anyclo International to serve as a de facto branch office located in the United States of America, Defendant YS Cha fully intended to create the New York corporation as owned by himself and/or Defendant NH Kim and/or Defendant Stafford Cha and .

119.    Further, upon Defendant Stafford Cha receiving moneys to cover the costs associated with establishing Anyclo USA, and Defendants YS Cha and NH Kim requesting an email account be set up for Defendant NH Kim to assist in Anyclo International's expansion plans in the New York metro area, Defendants YS Cha, NH Kim and Stafford Cha fully intended to divert, and did indeed divert, moneys paid by Anyclo International to Defendants Stafford Cha

and Anyclo USA for its start up and overhead costs Anyclo International was led to believe were valid expenses.

120.    Further, upon Defendants YS Cha and NH Kim providing Plaintiff with a copy of a lease for the office rental by Anyclo USA from Mojo Moto, LLC, to induce Anyclo International to pay for same, Defendants YS Cha, NH Kim and Stafford Cha fully intended to divert, and did indeed divert, moneys paid by Anyclo International for costs associated with office rent.

121.    In addition, Defendants YS Cha, NH Kim and Stafford Cha fully intended to divert, and did indeed divert, moneys paid by third-party buyers to Anyclo USA for goods manufactured and delivered by Anyclo International.

122.    Defendants YS Cha, NH Kim and Stafford Cha made these misrepresentations to induce Anyclo International to wire funds to Anyclo USA to pay for alleged overhead costs and to ensure buyers paid Anyclo USA, an entity Defendant(s) controlled without Plaintiff's knowledge, in a scheme to divert moneys received from buyers for goods manufactured and delivered by Anyclo International.

123.    Based on these misrepresentations, Anyclo International did, in fact, enter into a relationship with Defendants YS Cha, NH Kim and Stafford Cha. Then, influenced by Defendants' false statements that it was properly paying for overhead costs incurred by Anyclo USA from the moneys wired by Anyclo International, and that the Defendants would remit payments received from third-party buyers, Anyclo International engaged in a continuing relationship involving transferring of hundreds of thousands of dollars to Anyclo USA over a span of approximately eighteen months.

WHEREFORE, for all the reasons set forth herein, Anyclo International respectfully requests that this Court enter judgment in its favor against Defendants Anyclo USA, Mojo Moto, LLC, Yang-Sup Cha, Nam-Hee Kim and Stafford Cha, jointly and severally, in an amount not less than $75,000.00, together with interest, costs, and attorneys' fees, and any such other relief as the Court may deem just, equitable and appropriate in these circumstances.

## COUNT VII
### (Corporate Dissolution pursuant to N.J.S.A. § 14A:12-7(1)(c))

124.    Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

125.    Based upon the agreement between Plaintiff and Defendant YS Cha and the moneys paid by Plaintiff to Defendant Stafford Cha, in additional to the Defendant YS Cha's confirmation of creating Anyclo USA as a wholly owned corporation of Anyclo International, Plaintiff Anyclo International reasonably expected to be listed as the owner of Anyclo USA.

126.    Upon information and belief, Defendant YS Cha listed himself and/or Defendant NH Kim and/or Defendant Stafford Cha as owner(s) of Anyclo USA.

127.    Defendant YS Cha acted fraudulently or illegally, and abused his authority as an agent of Anyclo International.

128.    Anyclo USA and Defendants YS Cha, NH Kim and Stafford Cha have frustrated Plaintiff's fair and reasonable expectations.

WHEREFORE, for all the reasons set forth herein, Anyclo International respectfully requests that this Court enter judgment in its favor pursuant to N.J.S.A. § 14A:12-7(1)(c) dissolving Anyclo USA, or, in the alternative, appointing a custodian for Anyclo USA, and any such other relief as the Court may deem just, equitable and appropriate in these circumstances.

## COUNT VIII
### (Replevin)

129.   Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

130.   Defendants are in possession of wrongfully obtained garment samples and fabric swatches. Specifically, Defendants still possess at least the following:

**GARMENT 50 PCS**
2207, RES150108(-2), A-BTS162, ESP16BR355, FALL162213, 0177(-F), FALL162137(-2), FALL160181H, S15-TP471, SUM1614229, SWMSPT1614216, SUM1614232, BTS1514129(-3), SP1616031(-2), S16-BS124, S16-BR118, BTS157101(-2), BTS169156, S16-SH056, SWMSPT167158, S16-SH364, BTS167178, S16-SH078, WIN1611194C, S15-LG449(-2), S15-CP568H, BTS1611163, WIN169170, 11184, S16-LG016, S15-LG550, ZLB0165A (92C), ZLB0165A (35N), KLB0241T(31X), MLT065A(001), MLT0560A, MLJ0088A (001) MLJ0115A (001), MLC0152A (017), MLL0073A(0GA), MLL0068A(548), MLL0133A (773), MLL0155A (0JV), MLC0151A (4B3), MLC0176A (244), SUM1614228), F2RLY553F, F2ITY551F, F2IPY551F, F2IPY554F

**GARMENT 23 PCS**
ESP16BR355, OO219453, FALL162213, ZLB0165A(35N), RES150108(-2), S16-BR118, S16-BS124, BTS151429(-3), S15-CP568H, OO202214, OO218561, OO220199, SP1616031(-2), S15-LG449(-2), MLL0189A, S16-LG016, MLL0133A(773), WIN1611194C, 00221092(S# Fall160185), FALL162213, MLJ0115A, ZLT0434A, OO202388

**GARMENT 6 PCS**
AFW1601-90, AFW1601-89, AFW1601-53, AFW1601-86, AFW1601-53, AFW1601-69

**GARMENTS 23 PCS**
ASS17-28-BI, ASS17-78, AFW17-51, ASS17-115, ASS17-73, AFW17-9 (C2), AFW17-55, ASS17-33, ASS17-103, AFW17-74, ASS17-123 (L1), ASS17-123 (L2), ASS17-123 (L3), ASS17-36, AFW17-39, ASS17-113, AFW17-43 (C1), AFW1601-34, ASS16-02 (L1), ASS16-02 (L2), ASS16-02 (L3), ASS16-02 (L4), ASS16-02 (L5)

**GARMENTS 46 PCS**
FL19X620, 9285-JBB2, 1042, 1069, SU153017T-TY, SU153001B-TY, SP151000T, (00)129316, PID# 257582, PID# 257614, AS168064T,

AS165793B, SU153017T, 238048647, SU155006B, OP617, OP618, 1162, 1163, SX6902, SX6725, P-3013T, OP1056, P-0038O, RJ17-16O, PD150023O-TR, H57VA500, ELX4T03, ELX4T06, 616, 615, 3033(-6), 712, 385, ASS16-02(-66), ASS16-02(-18), ASS16-02(-85), ASS17-54, ASS16-02(-68), 1877830024B, AFW17-171, AFW17-66, ASS16-02, ANFW11, AFW1601-25, AFW17-132(C1:GOLD STAR)

**GARMENT 14 PCS**
ASS17-25, ANFW08, AFW17-167, AFW20160907-1, AFW1601-94, AFW1601-106, AFW1601-96, AFW17-43, AFW17-26, ASS17-89, AFW17-49, AFW17-56, AFW17-116, AFW17-103

**GARMENT 14 PCS**
AFW1601-51, ASS17-14, AFW1601-48, AFW17-148, AFW1601-90, AFW17-87, ANFW31, ASS17-73, AFW17-97, AFW17-98, AFW17-45, ASS18-30, ASS18-29, ANFW30

**6 Fabric boards**

**2 PCS Recap file**

**Fabric swatches**

131.   Plaintiff is the true and rightful owner of the aforementioned goods.

132.   Defendants have refused to return the wrongfully obtained goods to Plaintiff despite Plaintiff's demand.

133.   As a result of the foregoing, Plaintiff has suffered, and continues to suffer, damages.

WHEREFORE, for all the reasons set forth herein, Anyclo International respectfully requests that this Court enter judgment in its favor against Defendants Anyclo USA, YS Cha, NH Kim and Stafford Cha, jointly and severally, awarding Anyclo International possession of, and Defendants to return, all of the wrongfully obtained goods, including, but not limited to, those set forth above, as well as compensatory damages for Plaintiff's lost use thereof, costs, and attorneys' fees, and any such other relief as the Court may deem just, equitable and appropriate in these circumstances.

## COUNT IX
### (Fraudulent Conveyance)

134.    Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

135.    Defendant YS Cha represented to Anyclo International that he would follow through with its directive of creating Anyclo USA as a wholly owned corporation of Anyclo International.

136.    Upon information and belief, Defendant YS Cha listed himself and/or Defendant NH Kim and/or Defendant Stafford Cha as owner of Anyclo USA.

137.    Upon information and belief, Defendants YS Cha, NH Kim and Stafford Cha have created ABC Companies (1-10) in order to fraudulently transfer assets from Anyclo USA to ABC Companies (1-10) to place such assets beyond the reach of creditors.

138.    Upon information and belief, Defendants fraudulently transferred hundreds of thousands of dollars to ABC Companies (1-10) from Anyclo USA's bank account to place such assets beyond the reach of Plaintiff in violation of the New Jersey Uniform Fraudulent Transfer Act.

139.    Upon information and belief, Defendants fraudulently transferred hundreds of thousands of dollars to John and Jane Does (1-20) from Anyclo USA's bank account to place such assets beyond the reach of Plaintiff in violation of the New Jersey Uniform Fraudulent Transfer Act.

140.    Upon information and belief, Defendants fraudulently transferred hundreds of thousands of dollars to Defendants YS Cha, NH Kim and Stafford Cha from Anyclo USA's bank account to place assets beyond the reach of Plaintiff in violation of the New Jersey Uniform Fraudulent Transfer Act.

141.   Pursuant to the New Jersey Uniform Fraudulent Transfer Act, Plaintiff is entitled to judgments against Defendants YS Cha, NH Kim, Stafford Cha, John and Jane Does (1-20), and ABC Companies (1-10) in order to bring the fraudulently transferred assets within the ambit of collection.

WHEREFORE, for all the reasons set forth herein, Anyclo International respectfully requests that this Court enter judgment in its favor against Defendants Yang-Sup Cha, Nam-Hee Kim and Stafford Cha, John and Jane Does (1-20), and ABC Companies (1-10), jointly and severally, in an amount not less than $75,000.00 for compensatory damages, trebled, together with interest, costs, and attorneys' fees, and any such other relief as the Court may deem just, equitable and appropriate in these circumstances.

## COUNT X
## (Federal RICO)

142.   Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

143.   Defendants Anyclo USA, Moto Moto, LLC, YS Cha, NH Kim and Stafford Cha are "persons" as defined by 18 U.S.C. § 1961(3).

144.   Defendants form an "enterprise" as defined by 18 U.S.C. § 1961(4) that has engaged in interstate commerce.

145.   Defendants YS Cha, NH Kim, Stafford Cha, John and Jane Does (1-20), and ABC Corporations (1-10) were employed by, associated with, and/or controlled the affairs of Anyclo USA. Particularly, the aforementioned Defendants directed the affairs of Anyclo USA, acted as its decision-makers, and conducted a pattern of racketeering activity through Anyclo USA.

146.   Alternatively, at all relevant times, Defendants ANyclo USA, Mojo Moto, LLC, YS Cha, NH Kim, Stafford Cha and John and Jane Does (1-20), and ABC Corporations (1-10)

27

participated in and/or constituted an "enterprise" within the meaning of 18 U.S.C. § 1961(4) that engaged in and affected trade and interstate commerce for the purpose of formulating and carrying out a criminal scheme to defraud Anyclo International of its assets, property and money through a pattern of racketeering activity.

147.    Each Defendant has been associated with this enterprise and participated, directly or indirectly, in the conduct of the affairs of the enterprise.

148.    Each member of the association in fact shared a common purpose to engage in a particular course of unlawful conduct and worked together in order to achieve that purpose as detailed herein.

149.    Upon information and belief, beginning 2016 and continuing to the present, in New Jersey and elsewhere, Defendants knowingly and willfully have combined, conspired, confederated and agreed with each other and with others to conduct and participate, directly and indirectly, through a pattern of various schemes to embezzle, and otherwise defraud Anyclo International and tortuously interfere with its rights.

150.    Upon information and belief, Defendants knowingly have used the United States mails and interstate facsimile wires to further their schemes, all with the specific intent to defraud Anyclo International.

151.    Defendants' fraudulent schemes have caused Anyclo International to pay substantial moneys to Defendants, and to supply hundreds of thousands of dollars of labor, materials, as well as administrative overhead to Defendants which have not been reimbursed.

152.    Defendants received hundreds of thousands of dollars as payment from third-party buyers for goods manufactured and delivered by Anyclo International, and Defendants have refused to remit same to Plaintiff.

153.    Defendants issued fictitious office lease and reimbursement requests to Anyclo International, which in turn caused Plaintiff to pay for same.

154.    The aforementioned fraudulent invoices were sent through the United States mails and over interstate facsimile wires to Anyclo International, which relied upon them to its detriment in making payments thereof.

155.    Defendants issued invoices/purchase orders to Plaintiff and third-party buyers through the United States mails and over facsimile wires which third-party buyers, in turn, relied upon in making payments to Defendants which were due to Plaintiff.

156.    By committing the above predicate acts of mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343, Defendants have engaged in a pattern of "racketeering activity" as defined in 18 U.S.C. § 1961(5).

157.    Defendants used and/or invested the income derived form the aforementioned predicate acts in the establishment and/or operation of an enterprise that is engaged in interstate commerce.

158.    Through the aforementioned pattern of racketeering activity, Defendants maintained an interest in and control of the enterprise, which is engaged in interstate commerce.

159.    As a result of the aforementioned activities, Defendants violated the provisions of 18 U.S.C. § 1962(a) by using and/or investing portions of the income and proceeds thereof obtained from the aforesaid pattern of racketeering activity in the operation of an enterprise engaged in activities affecting trade or commerce; § 1962(b) through the aforesaid pattern of racketeering activity, by maintaining interests or control of an enterprise, which has engaged in activities which affect commerce; § 1962(c) by conducting and participating in the conduct of,

an enterprise through a pattern of racketeering activity; § 1962(d) conspiring to violate 18 U.S.C. § 1962.

160.    The incidents of racketeering activity occurred after the effective date of U.S.C. § 1962, et seq., with the last act occurring within ten years after the first incident of racketeering activity.

161.    Defendants intentionally concealed and continue to conceal their patterns of racketeering activity through a variety of fraudulent schemes.

162.    As a direct and proximate result of Defendants' racketeering activity, Plaintiff has suffered injuries and losses totaling in the hundreds of thousands of dollars.

WHEREFORE, for all the reasons set forth herein, Anyclo International respectfully requests that this Court enter judgment in its favor against Defendants Anyclo USA, Mojo Moto, LLC, Yang-Sup Cha, Nam-Hee Kim and Stafford Cha, jointly and severally, in an amount not less than $75,000.00 for compensatory damages, trebled, together with interest, costs, and attorneys' fees, and any such other relief as the Court may deem just, equitable and appropriate in these circumstances.

## COUNT XI
### (Federal RICO – Conspiracy)

163.    Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

164.    Defendants agreed to commit the predicate acts set forth in the preceding paragraphs and to violate U.S.C. §§ 1962(a), (b) and (c).

165.    As such, Defendants' conspiracy violates 18 U.S.C. § 1962(d).

166.    As a direct and proximate result of the aforesaid conspiracy, Anyclo International has suffered injuries and losses totaling in the hundreds of thousands of dollars.

WHEREFORE, for all the reasons set forth herein, Anyclo International respectfully requests that this Court enter judgment in its favor against Defendants Anyclo USA, Mojo Moto, LLC, Yang-Sup Cha, Nam-Hee Kim and Stafford Cha, jointly and severally, in an amount not less than $75,000.00 for compensatory damages, trebled, together with interest, costs, and attorneys' fees, and any such other relief as the Court may deem just, equitable and appropriate in these circumstances.

## COUNT X
### (New Jersey State RICO)

167.    Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

168.    The activity set forth above comprises a pattern of racketeering activity as defined by N.J.S.A. 2C:41-1.

169.    In addition to the aforementioned predicate acts, by committing the above activities, Defendants committed the predicate acts of "theft by unlawful taking or disposition" in violation of N.J.S.A. 2C:20-3, "theft by deception" in violation of N.J.S.A. 2C:20-4 and "theft by failing to make required disposition of property received" in violation of N.J.S.A. 2C:20-9.

170.    The incidents of racketeering activity occurred after the effective date of N.J.S.A. 2C:41-1, the last occurring within ten years after the first incident of racketeering activity.

171.    As a direct and proximate result of Defendants' racketeering activity, as aforesaid, Plaintiff has suffered substantial damages.

WHEREFORE, for all the reasons set forth herein, Anyclo International respectfully requests that this Court enter judgment in its favor against Defendants Anyclo USA, Mojo Moto, LLC, Yang-Sup Cha, Nam-Hee Kim and Stafford Cha, jointly and severally, in an amount not less than $75,000.00 for compensatory damages, trebled, the return of wrongfully acquired

goods, together with interest, costs, and attorneys' fees, and any such other relief as the Court may deem just, equitable and appropriate in these circumstances.

## COUNT XII
### (New Jersey RICO – Conspiracy)

172.    Plaintiff restates and realleges the foregoing paragraphs as though fully stated herein.

173.    Defendants Anyclo USA, Mojo Moto, LLC, YS Cha, NH Kim, Stafford Cha, John and Jane Does (1-20) and ABC Corporations (1-10) acted with the common purpose of committing the fraudulent practices set forth in this Complaint.

174.    Defendants are an enterprise within the meaning of N.J.S.A. 2C:41-1(c).

175.    Defendants have engaged in a "pattern of racketeering activity" by committing at least two incidents of racketeering conduct pursuant to 2C:41-1(c) within the past ten years, including acts which embrace criminal conduct with the same or similar purposes, results, participants, or victims or methods of commission or are otherwise interrelated by distinguishing characteristics and are not isolated incidents, including, but not limited to, the following: theft and related crimes (2C:41-1(a)); fraudulent practices (2C:41-1(a)); conduct described as "racketeering activity" under 18, U.S.C. § 1961(A), (B), and (D), including wire and mail fraud.

176.    The activities of Defendants affect trade and commerce.

177.    Defendants violated the provisions of 2C:41-2 by the following: (a) using and/or investing portions of the income and proceeds thereof obtained from the aforesaid pattern of racketeering activity in the operation of an enterprise engaged in activities affecting trade or commerce; (b) through the aforesaid pattern of racketeering activity, maintaining interests or control of an enterprise, which has engaged in activities which affect commerce; (c) by

conducting and participating in the conduct of, an enterprise through a pattern of racketeering activity and/or (d) conspiring to violate N.J.S.A. 2C:41-2(a)-(c).

178.    As a direct and proximate result of the aforesaid conspiracy, Plaintiff has suffered substantial damage to its business and property.

WHEREFORE, for all the reasons set forth herein, Anyclo International respectfully requests that this Court enter judgment in its favor against Defendants Anyclo USA, Mojo Moto, LLC, Yang-Sup Cha, Nam-Hee Kim and Stafford Cha, jointly and severally, in an amount not less than $75,000.00 for compensatory damages, trebled, the return of wrongfully acquired goods, together with interest, costs, and attorneys' fees, and any such other relief as the Court may deem just, equitable and appropriate in these circumstances.

## DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiff Anyclo International demands a trial by jury as to all triable issues.

By:    s/ D. Sam Han
                  D. SAM HAN, ESQ.
                  SOBEL HAN, LLP
                  120 Sylvan Avenue
                  Suite 304
                  Englewood Cliffs, New Jersey 07962
                  (201) 603-3697 (phone)
                  (646) 513-2648 (fax)
                  shan@sobelhan.com
                  Attorneys for Plaintiff
                        Anyclo International, Inc.

DATED: April 9, 2018