# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANYCLO INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> YANG-SUP CHA, et al., <br><br> Defendants. | Civil Action No. 18-5759 (PGS)(ZNQ) <br><br><br> MEMORANDUM OPINION AND ORDER |

This matter comes before the Court upon Yang-Sup Cha, Nam-Hee Kim and Stafford Cha's (collectively, "Defendants") Motion to Quash Discovery of Personal Income Tax Returns. (ECF No. 36.)

## I. Allegations and Procedural History

In 2016, Anyclo International, Inc., hired Yang-Sup Cha to assist in incorporating a subsidiary of it in the State of New York. (Am. Compl. ¶¶ 16–17, ECF No. 25; Answer to Am. Compl. ¶¶ 16–17, ECF 30.) Plaintiff claims it wired Defendant Stafford Cha seed money and additional funds for operating costs and other expenses. (Am. Compl. ¶¶ 18, 24, 32–34.) According to Plaintiff, "Defendants conspired to make it appear as if Defendant [Yang-Sup] Cha was following Anyclo International's directives when i[n] fact Defendants created Anyclo USA as a corporation owned by one or more of the Defendants . . . ." (Am. Compl. ¶ 30.) Plaintiff alleges Defendants improperly misappropriated Plaintiff's funds and improperly withheld "payments received from third-parties for goods manufactured and delivered by" Plaintiff. (Am. Compl. ¶ 83.) As part of that claim, Plaintiff alleges it gave money to Anyclo USA for rental expenses, later learning that Anyclo USA did not rent a space at its reputed address and that the entity to which Anyclo USA was purportedly paying rent, Mojo Moto, LLC, did not own a space there. (Am.

Compl. ¶¶ 69, 106–07, 123.) Mojo Moto, LLC, is allegedly owned by Defendant Nam-Hee Kim. (Am. Compl. ¶ 69.)

Certified public accountant, Daniel Cho, was obtained to assist in establishing Anyclo USA. (Am. Compl. ¶¶ 20–21; Answer to Am. Compl. ¶¶ 20–21, ECF 30.) On March 27, 2019, Plaintiff served Cho with a subpoena, commanding he produce "[a]ll communications (electronic and otherwise) with Yang-Sup Cha, Nam-Hee Kim and Stafford Cha as it relates to Anyclo USA, Inc. and/or Mojo Moto, LLC" and "[c]opies of all documents prepared for the benefit of Yang-Sup Cha, Nam-Hee Kim, Stafford Cha, Anyclo USA, INC., and/or Mojo Moto, LLC." (Certification of Gregory J. Cannon, Esq. Ex. A, at 1, Ex. B, ECF No. 32-1.) Plaintiff moved before this Court to compel Cho's compliance, (Notice of Mot. to Compel Daniel Cho, CPA to Comply, ECF 32), and the Court granted that motion, (Order 2, ECF 33).

## II. Parties' Arguments

Defendants now seek "to quash that portion of [the] subpoena duces tecum served upon Certified Public Accountant Daniel Cho in which personal tax returns of said individual defendants are sought." (Mot. to Quash Subpoena 1, ECF 36.) They argue the Court should not authorize disclosure of personal tax returns "solely because the credibility of the defendants may be impeached." (*Id.* at 3.) Defendants assert that allowing the disclosure of personal tax returns for impeachment purposes alone would violate the Third Circuit's policy as outlined in *DeMasi v. Weiss*, 669 F.2d 114, 119 (3rd Cir. 1982) (stating courts must balance the individual's privacy interest in his or her tax returns with the need, materiality, and relevance of the information). (*Id.* at 2.) Defendants submit "Plaintiff's own records can be the source of its prima facie proof of loss," because "Plaintiff knows how it filled the orders and the invoiced amounts to Plaintiff's customers." (*Id.* at 3.)

2

In response, Plaintiff highlights its following allegations: (1) $397.758.54 was wired into Anyclo USA's bank account by customers paying for Plaintiff's goods; (2) Plaintiff paid Anyclo USA's operational costs, including Yang-Sup Cha's monthly salary, to Yang-Sup Cha; and (3) Plaintiff made payments in service of a fake lease through Stafford Cha's bank account to Mojo Moto, which is owned by Yang-Sup Cha's wife Nam-Hee Kim. (Pl.'s Opp'n to Mot. to Quash 6, ECF 37.) Plaintiff contends Defendant Yang-Sup Cha "appears to have initially utilized Stafford Cha's bank account, and received $51,000.00 therein from Plaintiff for purported business expenses and compensation for the joint business venture," and, "[g]iven that certain expenses . . . were clearly fraudulent[,] . . . it is unclear how Stafford Cha and/or [Yang-Sup] Cha accounted for these funds . . . ." (*Id.*) Further, Plaintiff alleges "it is unclear how [Nam-Hee Kim] accounted for these payments to [Mojo Moto], which should have issued a K-1 for her personal returns during 2016, 2017, and 2018." (*Id.* at 7.)

Plaintiff submits Defendant Yang-Sup Cha's individual tax returns are relevant because his "entire defense," that is, that he retained money from Plaintiff because Plaintiff owed him additional compensation and reimbursement expenses, "is based upon an accounting of his personal income and business expenses . . . ." (*Id.*) As for Nam-Hee Kim and Stafford Cha's returns, Plaintiff claims they are highly relevant because "they claim [the numerous large payments from Plaintiff and Anyclo USA] [were] bona fide payments for reimbursements or rental income . . . ." (*Id.*) Plaintiff argues Defendants' individual tax returns "will show how they classified these payments contemporaneously with the parties' dealings." (*Id.*) Plaintiff asserts that "there is no other method by which to verify whether Defendants treated the funds in the manner in which they claim." (*Id.* at 8.)

Defendants did not submit a reply.

### III. Standard for Discovering Individual Tax Returns

In *DeMasi*, the Third Circuit recognized that public policy favors the non-disclosure of income tax returns because "Congress has guaranteed that federal income tax returns will be treated as confidential communications between a taxpayer and the government," 669 F.2d at 119 (citing 26 U.S.C.A. § 6103), and because confidentiality removes the pressure taxpayers may otherwise feel to refrain from reporting all of their income or from taking advantage of all of the tax-saving measures to which they are entitled, *id.* at 120 (citing *Fed. Sav. & Loan Ins. Corp. v. Krueger*, 55 F.R.D. 512, 514 (N.D. Ill. 1972)). "A party's income tax returns, even if containing some relevant financial information, are protectable from discovery as confidential documents if the party seeking protection demonstrates good cause to uphold its expectation of confidentiality, as well as the availability of reliable financial information from other sources." *Farmers & Merchants Nat. Bank v. San Clemente Fin. Grp. Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997).

When determining whether to compel production of individual tax returns, this Court employs a two-part test that balances the individual's interest in confidentiality against the Federal Rules of Civil Procedure's liberal discovery policy. *Gregory v. Gregory*, No. 215CV0320WHWCLW, 2016 WL 6122456, at *11 (D.N.J. Oct. 18, 2016) (citing *Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*, No. 2:12-CV-02981-ES-JAD, 2013 WL 6858956, at *3 (D.N.J. Dec. 23, 2013), *aff'd*, No. CIV.A. 12-2981 ES, 2014 WL 3573339 (D.N.J. July 21, 2014), *aff'd sub nom.*, *Robinson v. Horizon Blue Cross Blue Shield of New Jersey*, 674 F. App'x 174 (3d Cir. 2017); *Farmers & Merchants Nat. Bank*, 174 F.R.D. at 585). "First the Court determines whether the tax returns are relevant to the litigation"; if the returns are relevant, then "the objecting party can avoid disclosure by showing the availability of reliable financial information from other sources." *Id.* (citing *Robinson*, 2013 WL 6858956, at *3; *Farmers &*

*Merchants Nat. Bank*, 174 F.R.D. at 585); *see also United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988) ("'[F]irst, the court must find that the returns are relevant . . . and second, that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.' . . . While the party seeking discovery of the tax returns bears the burden of establishing relevance, the party resisting disclosure should bear the burden of establishing alternative sources for the information." (quoting *S.E.C. v. Cymaticolor Corp.*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985) (first alteration in original)).

## IV. Defendants' Tax Returns Are Relevant and Needed

First, the Court agrees with Plaintiff that Defendants' tax returns are relevant to determining whether Defendants improperly diverted funds paid by Plaintiff and relevant to determining the truth of Defendants' asserted explanations and the validity of their defenses. As Plaintiff contends, the contemporaneous treatment of monies allegedly paid to support Anyclo USA's business operations on Defendants' individual tax returns may support or undermine each parties' contentions. While unlikely to provide a clear accounting, Defendants' reported income is likely to show whether Yang-Sup Cha, Nam-Hee Kim, or Stafford Cha reported Plaintiff's wire transfers as personal income, which would support Plaintiff's diversion and embezzlement claims.

Second, it does not appear to the Court that the same information discoverable in Defendants' individual tax returns is discoverable by other means. Defendants submit "Plaintiff's own records can be the source of its prima facie proof of loss," (Mot. to Quash Subpoena 3, ECF 36), and while that may be true, the value in Defendants' tax returns extends beyond proving loss. The crux of Plaintiff's claims are the allegations of diversion and embezzlement. The treatment of the funds paid by Plaintiff is vital to proving those claims. The Court does not perceive—and

Defendants do not proffer—an alternative method of showing how Defendants treated Plaintiff's monetary transfers.

V. **Conclusion and Order**

The Court concludes Yang-Sup Cha, Nam-Hee Kim, and Stafford Cha's tax returns are relevant, necessary, and that Defendants have not proffered an alternative source of the same financial information. It is in the Court's judgment that the Plaintiff's need to discover Defendants' tax returns outweighs the Defendants' interest in maintaining their confidentiality and the public policy interest generally disfavoring disclosure.

Accordingly, the Court having considered Plaintiff's contentions without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), and for the reasons expressed above,

**IT IS on this 3rd day of September, 2019**

**ORDERED** that Defendants' Motion to Quash Discovery of Personal Income Tax Returns (ECF No. 36) is **DENIED**.

ZAHID N. QURAISHI
United States Magistrate Judge