# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANYCLO INTERNATIONAL INC., <br> *Plaintiff*, <br> v. <br> YANG-SUP CHA, et al., <br> *Defendants*. | Civil Action No. <br> 3:18-cv-05759 (PGS)(ZNQ) <br><br> MEMORANDUM <br> AND ORDER |

      This matter comes before the Court on Defendant Stafford Cha's motion for summary judgment (ECF No. 63) and Plaintiff's motion for partial summary judgment (ECF No. 64). In his summary judgment motion, Stafford Cha argues Plaintiff's claims against him should be dismissed because he was not aware of and did not willingly participate in the other defendants' alleged fraudulent scheme. In its motion for partial summary judgment, Plaintiff asserts it is entitled to the $176,712.35 Defendants deposited into Court and requests its immediate release.

      Both parties have failed to comply with Local Civil Rule 56.1 in several respects. First, Local Rule 56.1(a) states:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed . . . Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law.

      Neither party has submitted a separate statement of undisputed material facts; rather, the facts are incorporated into the parties' respective briefs. Defendant Cha's moving brief contains

a "statement of facts," but it is unclear whether he intends to present that section as his statement of undisputed material facts. (*See* ECF No. 63 at 2). Plaintiff's motion for summary judgment contains a "statement of undisputed material facts," but there are no separately numbered paragraphs. (*See* ECF No. 64 at 4-9).

Second, Rule 56.1(a) states:

> The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.

Neither party has submitted a responsive statement of material facts with its opposition papers. (*See* ECF No. 65 and 66). Defendant's opposition brief does not contain a designated fact section at all, while Plaintiff's opposition brief contains a "counterstatement of relevant material facts" which is neither drafted as a response to Defendant's statement of facts nor formatted in numbered paragraphs. (See ECF No. 65 at 2).

Rule 56.1(a) also provides that, in its opposition papers,

> the opponent may also furnish a supplemental statement of disputed material facts, in separately numbered paragraphs citing to the affidavits and other documents submitted in connection with the motion, if necessary to substantiate the factual basis for opposition. The movant shall respond to any such supplemental statement of disputed material facts as above, with its reply papers.

Here, Plaintiff submitted a supplemental statement of undisputed material facts in its reply brief. (ECF No. 67 at 3). Because that supplemental statement was included in a reply rather than an opposition brief, there was no opportunity for Defendant to respond, as required by Rule 56.1(a).

2

The Third Circuit has held that a failure to comply with Rule 56.1 may be excused where "the District Court had a clear record of the facts on which to rule," no prejudice was caused, and there was substantial compliance with the Rule. *Park v. Sec'y U.S. Dep't of Veterans Affs.*, 594 F. App'x 747, 751 (3d Cir. 2014). *See also Park v. Tsiavos*, 165 F. Supp. 3d 191 (D.N.J. 2016), *aff'd*, 679 F. App'x 120 (3d Cir. 2017). Here, the parties' numerous failures to comply with the requirements of Rule 56.1 has made it exceedingly difficult for the Court to discern whether there is a genuine dispute of material fact for each of the summary judgment motions. As a result, the Court will deny both motions without prejudice so that the parties may resubmit their materials in compliance with the Local Civil Rules.

## ORDER

**THIS MATTER** having come before the Court on Defendant Stafford Cha's motion for summary judgment (ECF No. 63) and Plaintiff's motion for partial summary judgment (ECF No. 64); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 25th day of May 2021,

**ORDERED** that both motions (ECF Nos. 63 and 64) are **denied without prejudice** for failure to comply with Local Civil Rule 56.1.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.
