## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANYCLO INTERNATIONAL INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>YANG-SUP CHA, et al.,<br><br>*Defendants*. | Civil Action No.<br>3:18-cv-05759 (PGS)(LHG)<br><br>**MEMORANDUM<br>AND ORDER DENYING<br>STAFFORD CHA'S MOTION FOR<br>SUMMARY JUDGMENT (ECF 71) AND<br>ANYCLO'S MOTION FOR PARTIAL<br>SUMMARY JUDGMENT (ECF 72)** |

This matter comes before the Court on Defendant Stafford Cha's Motion for Summary Judgment (ECF No. 71) and Plaintiff Anyclo International's Motion for Partial Summary Judgment (ECF No. 72).  In his summary judgment motion, Stafford Cha argues Plaintiff's claims should be dismissed because he was not aware of and did not willingly participate in the other defendants' (his father's and mother's) allegedly fraudulent scheme.  In Anyclo International's Motion for Partial Summary Judgment, Plaintiff asserts it is entitled to receive funds ($176,712.35) that have been deposited with the Court (Court held funds).[1]  Oral argument was held on October 19, 2021.  For the reasons that follow, both motions are denied.

### I.

Defendant Yang-Sup Cha ("YS Cha") allegedly perpetrated a racketeering scheme that defrauded Plaintiff Anyclo International Inc. of hundreds of thousands of dollars.  Anyclo International is a foreign corporation organized in South Korea with a principal place of business in Seoul.  (Amended Complaint ¶2, ECF No. 25).  It manufactures textiles and clothing that are

---

[1] In their brief, Defendants also seek strike several paragraphs from Plaintiff's Local Rule 56.1 Statement of Undisputed Material Facts.  (ECF No. 75-4).  Since the Plaintiff's motion for summary judgment can be determined without relying on the paragraphs subject to Defendants application, the application is denied as moot.

distributed to retail vendors in the United States.  (Amended Complaint ¶15, ECF No. 25).  YS Cha and defendant Nam-Hee Kim ("NH Kim") are married and have a son, Stafford Cha, who has brought this motion for summary judgment.  (Defendant Stafford Cha's Statement of Undisputed Material Facts ("Stafford's SUMF") ¶2, ECF No. 71-3).

In 2016, Anyclo International sought to expand its business and hired YS Cha to start up and incorporate Anyclo USA as a New York corporation wholly owned by Anyclo International. (Plaintiff's Statement Undisputed Material Facts in Support of Partial Summary Judgment ("Plaintiff's SUMF for PSJ") ¶1, ECF No. 72-2).  To that end, Anyclo International agreed to reimburse YS Cha a monthly sum of approximately $13,000, to be used for monthly office rent, commuting, workers compensation, accounting, and transaction fees (monthly expenses).  (*Id.* at ¶3).

At the time Anyclo International commenced business with YS Cha, Stafford Cha was an undergraduate student at Pennsylvania State University.  (Stafford Cha SUMF at ¶¶1, 3). Stafford had a bank account at JP Morgan Chase, which he used for college expenses.  (*Id.* at ¶4).  Pursuant to an alleged agreement between Anyclo International and YS Cha, Anyclo International wired funds to Stafford's bank account in 2016 and 2017 in order to reimburse YS Cha his monthly expenses.  (*Id.* at ¶7(a)-(d)).  Upon receiving the check for the monthly expenses, Stafford transferred a portion of the monthly expenses to his parents.  (*Id.* ¶8(a)-(p)); (Opposition to Summary Judgment, Exh. F (Attorney Gregory Cannon Certification)).  Stafford claims he knows nothing about why his father had the monthly expenses deposited into his bank account or reason the funds were wired into his account.  (*Id.* at ¶13).

During the period that Anyclo International transferred the monthly expenses to Stafford's account, his banking transactions were as follows:

| DATE | RECEIPT | DISBURSEMENT | BALANCE |
|---|---|---|---|
| November 1, 2016 | | | $670.00 |
| November 2, 2016 | $10,000.00 from Anyclo International | | $10,670.00 |
| November 2, 2016 | | $15.00 wire fee | $10,655.00 |
| November 3, 2016 | | $1,959.89 to YS Cha | $8,695.11 |
| November 4, 2016 | | $1,000.00 to Kim | $7,695.11 |
| November 7, 2016 | | $350.00 to another defendant | $7,345.11 |
| November 8, 2016 | | $583.00 to Best Buy | $6,762.11 |
| November 8, 2016 | | $276.86 to GM Card Services on behalf of other defendants | $6,485.25 |
| November 9, 2016 | | $5,000.00 to Kim | $1,485.25 |
| November 9, 2016 | | $25.00 wire fee | $1,460.25 |
| November 14, 2016 | | $347.23 to another defendant | $1,113.02 |
| November 25, 2016 | | $69.80 to Uniqlo | $1,043.22 |
| November 25, 2016 | | $56.00 to East Brunswick Municipal Court | $987.22 |
| November 28, 2016 | $29.90 from Uniqlo | | $1,017.12 |
| November 30, 2016 | $15,000.00 from Anyclo International | | $16,017.12 |
| November 30, 2016 | | $15.00 wire fee | $16,002.12 |
| December 13, 2016 | | $15,000.00 to Mojo Moto, LLC[2] on behalf of other defendants | $1,002.12 |
| December 19, 2016 | | $10.89 to Greenleaf & Bananas | $991.23 |
| December 27, 2016 | | $117.68 to Jared Galleria | $873.55 |

---

[2] Anyclo International submits Mojo Moto, LLC is Kim's company, (Opposition to Stafford's Motion for Summary Judgment at 7, ECF No. 74), but provides no documentation in support of this.

| December 30, 2016 | $13,000.00 from Anyclo International | | $13,873.55 |
|---|---|---|---|
| December 30, 2016 | $250 deposit | | $14,123.55 |
| December 30, 2016 | | $106.99 to Kay Jewelers | $14,016.56 |
| December 30, 2016 | | $15.00 wire fee | $14,001.56 |
| January 3, 2017 | $117.68 from Jared Galleria | | $14,119.24 |
| January 3, 2017 | | $2,974.13 to Chase Bank for a loan[3] on behalf of other defendants | $11,145.11 |
| January 3, 2017 | | $9,000.00 withdrawal on behalf of other defendants | $2,145.11 |
| January 3, 2017 | | $140.00 to Adidas | $2,005.11 |
| January 3, 2017 | | $650.00 withdrawal on behalf of other defendants | $1,355.11 |
| January 6, 2017 | | $6.40 to McDonald's | $1,348.71 |
| January 9, 2017 | | $200.00 withdrawal on behalf of other defendants | $1,148.71 |
| January 26, 2017 | $13,000.00 from Anyclo International | | $14,148.71 |
| January 26, 2017 | | $15.00 wire fee | $14,133.71 |
| January 31, 2017 | | $18.95 in banking fees | $14,114.76 |
| February 1, 2017 | | $2,974.13 to Chase Bank on behalf of other defendants | $11,140.63 |
| February 1, 2017 | | $8,000.00 to Kim | $3,140.63 |
| February 3, 2017 | | $1,822.19 to Time Square, LLC[4] on behalf of other defendants | $1,318.44 |
| February 6, 2017 | | $100.00 on behalf of "Cloe Cha"[5] and other defendants | $1,218.44 |

[3]  Anyclo International submits Stafford was paying his parents' mortgage, (Plaintiff's Motion for Partial Summary Judgment (MPSJ), Exh. I, ECF No. 72-3), but provides no proof of this.

[4]  Times Square Suites, LLC was Anyclo USA's landlord.  (Plaintiff's MPSJ, Exh. D, ECF No. 72-3).

[5]  Anyclo International submits this payment was to a child's middle school for a trip, (Plaintiff's MPSJ, Exh. I), but provides no proof of this.

| March 6, 2017 | | $1,000 withdrawal on behalf of other defendants | $218.44 |
|---|---|---|---|

(Opposition to Summary Judgment, Exh. F at 13, 18-19, 21-23, 25-30); (*Id.*, Exh. E (Stafford Cha Deposition)); (Stafford Cha SUMF at ¶8).  Stafford received a total of $51,000 from Anyclo International, and Stafford disbursed 16 payments on 13 different dates for a total of $50,679.43 to other defendants or on his family's behalf.  Aside from the funds from Anyclo International, Stafford only deposited $250 into the account.  A total of $78.95 was spent on wire fees or other banking fees, and he spent a total of $1,090.76 on personal expenses – such as jewelry, clothing, and fast food.

In March 2017, and Anyclo International began wiring monthly expenses directly to YS Cha instead of to Stafford's account.  (Stafford's SUMF at ¶11).  YS Cha opened a bank account for Anyclo USA to receive payments for Anyclo International's goods sold to customers by Anyclo USA.  (Plaintiff's SUMF for PSJ at ¶4).  He would then wire those sales proceeds to Anyclo International's account in South Korea.  (*Id.* at ¶6).

In 2017 and 2018, Reflex Performance Resources, Inc. and Jacques Moret, Inc. deposited substantial funds into the Anyclo USA account in exchange for goods manufactured by Anyclo International and delivered by Anyclo USA.  (*Id.* at ¶¶23-29, 31-37, 39, 41, 44).  Anyclo International asserts that YS Cha did not remit all of the proceeds from the purchase of Reflex and Moret, and he instead retained a portion for himself.  (*Id.* at ¶¶21-45). In addition to this alleged fraud, Anyclo International points to a "myriad of discoveries," including forged documents and inflated expenses by YS Cha throughout the parties' business relationship.  (*Id.* at ¶11).

According to Anyclo International, YS Cha received a total of $415,989.38 from Anyclo USA's buyers that he did not remit to Anyclo International.  (*Id.* at ¶45).  Further, YS Cha wrote

numerous checks to himself and paid his legal fees for the instant litigation from Anyclo USA's bank account.  (*Id.* at ¶47-48).  By the time Anyclo International obtained a court order to deposit the remaining funds from the Anyclo USA bank account into court, only $176,712.35 remained. (*Id.* at ¶46).  Anyclo International's motion for partial summary judgment seeks the immediate release of that remaining sum to Anyclo International.[6]  (Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's MPSJ"), ECF No. 72-1).

YS Cha maintains Anyclo International failed to make its $13,000 monthly payments and failed to pay him commissions beginning in December 2017, at which point YS Cha declined to transfer sales proceeds to Anyclo International.  (Counterclaim ¶¶12-14, ECF No. 30).  He maintains that he transferred $250,000 to Anyclo International on March 20, 2018, as a gesture of good faith in order to receive money owed to him by Anyclo International.  (*Id.* at ¶¶15-17). Further, YS Cha alleges Anyclo International defamed him by "communicating to Target Stores . . . that [YS] Cha was unfit to be a sales representative in the fashion industry and that [YS] Cha committed misconduct in the operation of his trade or business."  (*Id.* at ¶22).

Stafford maintains that he was not involved in and did not assist his parents' business activities, did not intend to be involved in establishing Anyclo USA, and believed the funds deposited into his account belonged to his father, since his parents financially supported him at school.  (Stafford Cha's SUMF at ¶13-18).

## II.

A motion for summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

---

[6] Anyclo International also requests the Court to sanction Defendants and their counsel for submitting misleading and/or fraudulent accounting documents, upon which a brief previously filed by Defendants was based.  (Plaintiff's MSJ at 14-15).  Defendants acknowledge the documents were misleading and have withdrawn the documents in question.  (Defendant's Opposition to Plaintiff's MSJ 10, ECF No. 75-4).

56(a).  "A factual dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020), *amended*, 979 F.3d 192 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'"  *Id.*  "The Court must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party."  *Id.* (quoting *Anderson*, 477 U.S. at 255).

Moreover, summary judgment "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).  Determinations of credibility and a defendant's subjective intent are poor subjects for summary judgment.  *Simons v. Boston Sci.*, 765 Fed. Appx. 773, 776 (3d Cir. 2019).

## III.

Stafford Cha's motion for summary judgment is discussed first.  In its thirteen-count amended complaint, Anyclo International asserts the following claims against Stafford:

- Common law conversion (Count II)
- Embezzlement (Count III)
- Unjust enrichment (Count IV)
- Fraud or misrepresentation (Count VI)
- Replevin (Count VIII)
- Fraudulent conveyance (Count IX)
- Federal RICO (Count X)
- Conspiracy under the Federal RICO statute (Count XI)
- New Jersey RICO (Count XII)[7]
- Conspiracy under the New Jersey RICO statute (Count XIII)[8]

(Amended Complaint at ¶¶86-110, 117-26, 132-81).  On each of those counts, Anyclo International seeks to hold Stafford and the other defendants jointly and severally liable for an

---

[7]  This count is misnumbered in the complaint as Count X.

[8]  This count is misnumbered in the complaint as Count XII.

amount not less than $394,758.54, plus fees and costs.  Overall, it alleges that YS Cha, NH Kim, and Stafford worked together to carry out the objectives in the counts listed above.

Because Stafford seeks summary judgment dismissal of all Anyclo International's claims against him, the Court must determine whether there is a genuine dispute of material fact as to each claim.  In support of summary judgment on each count, Stafford asserts his involvement in the fraudulent scheme was immaterial and unintentional.  (Defendant Stafford Cha's Motion for Summary Judgment ("Stafford Cha's MSJ") at 4-6, ECF No. 71-2).  With respect to the fraud, embezzlement, and RICO claims, Stafford submits that "the undisputed evidence shows that Stafford had no contact or relationship with" Anyclo International, nor did Stafford "ma[k]e any representations to [Anyclo International] that might have induced reliance . . . ."  (*Id.* at 5).  With respect to the conversion and unjust enrichment claims, Stafford further contends the funds – except for $260.75[9] went directly to other defendants (his mother and father), so the vast majority of the funds "are in the exclusive dominion and control of the [other d]efendants," and in turn, "no remedy for conversion or unjust enrichment can lie against Stafford."  (*Id.* at 6).

Whether Stafford lacked knowledge of and was an unwitting participant in the alleged wrongdoing by the other defendants is a jury question.  *See Waterloov Gutter Protection Sys. Co. v. Absolute Gutter Protection*, 64 F. Supp. 2d 398, 419 (D.N.J. 1999); *see also Simons*, 765 Fed. Appx. at 776.  While Stafford Cha denies knowingly participating in any scheme to defraud, convert, or otherwise misappropriate Anyclo International's money, a jury could infer such knowledge Stafford's receipt of and disbursement of Anyclo International's funds.  *See Cont'l Cas. Co. v. Slonchka*, No. 04-1587, 2005 WL 2176834 at *10 (W.D. Pa. Aug. 18, 2005); *cf. United States v. Chaffo*, 452 Fed. Appx. 154, 160 (3d Cir. 2011).  Likewise, to accept Stafford's

---

[9] It is unclear how Stafford calculated this sum.

denial of knowledge requires an assessment of his credibility – a "jury function." *Anderson*, 477

U.S. at 255.  That is, whether his disclaim of knowledge holds any weight in light of his actions

– several months of bank transactions.

 While Stafford clearly transferred the vast majority of the funds that he received from

Anyclo International to other defendants and is no longer in possession of those funds, New

Jersey recognizes liability for those who aid and assist in committing torts such as conversion

and fraud.  *Impact Protective Equip. v. Xtech Protective Equip.*, No. A-879-19 (N.J. Super. Ct.

App. Div. Apr. 14, 2021).  Liability for assisting turns on "whether a defendant knowingly gave

substantial assistance to someone engaged in wrongful conduct, *not whether the defendant*

*agreed to join the wrongful conduct*."  *Podias v. Mairs*, 926 A.2d 859, 867 (N.J. Super. Ct. App.

Div. 2007) (internal quotations and citations omitted) (emphasis added).  The assistance must

"separately considered, constitute[] a breach of duty to the third person."  *Id.* (quoting

Restatement (Second) of Torts, § 876).  Factors considered by New Jersey courts include:  "the

nature of the act encouraged, the amount of assistance given by the defendant, his presence or

absence at the time of the tort, his relation to the other tortfeasor[,] his state of mind," and "the

duration of the assistance provided."  *Id.* (internal quotation marks omitted).

 Here, Stafford Cha's alleged role in the conversion of Anyclo International's money and

the unjust enrichment of the other defendants may be deemed material, as he permitted Anyclo

International to deposit funds in his bank account, and then made transfers to other defendants.

Here Stafford allegedly played an active role in making the transfers, having written checks to

other defendants, and he apparently had sole control of the account because his parents had to

ask him to make transfers.  (Opposition to PSJ, Exh. E).  *See*, *contra*, *Tarr v. Ciasuilli*, 853 A.2d

921, 929 (N.J. 2004).  Stafford's role in the alleged conversion and unjust enrichment took place

over four months and was not a one-time occurrence.  As such, a jury could conclude that Stafford provided "substantial assistance" to other defendants in converting Anyclo International's money or in unjustly enriching themselves.

For the foregoing reasons, summary judgment is denied.

## IV.

Anyclo International cross-moves for partial summary judgment as to its claims and for the release of funds on deposit with this Court.  Specifically, Anyclo International contends that there is no genuine dispute that it is owed sales proceeds that Defendants allegedly converted, and Anyclo International seeks immediate recovery of the Court held funds ($176,712.35). (Plaintiff's Motion for Partial Summary Judgment (MPSJ) 10-13, ECF No. 72).  Anyclo International claims it is owed at least the amount on deposit based on its arithmetic.  But both parties have different calculations on the assessment of damages.  Anyclo International claims that YS Cha has paid himself in excess of any claim, which YS Cha claims is owed another $254,459.00.  The conservative approach is to leave the issue of damages to the jury.[10]

---

[10]  In addition, there is also a defamation claim asserted by YS Cha.

<u>**ORDER**</u>

**THIS MATTER** having come before the Court on Defendant Stafford Cha's Motion for

Summary Judgment (ECF No. 71) and Anyclo International's motion for Partial Summary

Judgment (ECF No. 72); and the Court having carefully reviewed and taken into consideration

the submissions of the parties, as well as the arguments and exhibits therein presented; and for

good cause shown; and for all of the foregoing reasons,

**IT IS** on this 21st day of December 2021,

**ORDERED** that Defendant Stafford Cha's Motion for Summary Judgment (ECF No. 71)

is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment

(ECF No. 72) is **DENIED.**

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

11