UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANYCLO INTERNATIONAL INC., *Plaintiff*, v. YANG-SUP CHA, et al., *Defendants*. | Civil Action No. 3:18-cv-05759 (PGS)(LHG)  **MEMORANDUM AND ORDER DENYING STAFFORD CHA'S MOTION FOR PARTIAL RECONSIDERATION** |

This matter comes before the Court on Defendant Stafford Cha's Motion for Partial Reconsideration of the Court's December 21, 2021 order denying summary judgment. (ECF No. 81).[1] Oral argument was held on April 26, 2022. For the reasons that follow, the motion is denied.

The facts of this case are set forth in the Court's December 21, 2021 Memorandum and Order, (ECF No. 78), and are incorporated herein.

---

[1] Stafford's motion for reconsideration was filed out of time – more than fourteen days after the entry of the Court's order denying summary judgment. *See* Local Rule 7.1(i). He requests that the motion be heard out of time under Fed. R. Civ. P. 6(b). (ECF No. 81 at 1-3). Anyclo International does not object to the motion being heard out of time, so the Court will consider the motion for reconsideration on the merits.

Additionally, Stafford filed another version of his motion for reconsideration, (ECF No. 80), which he amended with this version, (ECF No. 81). The prior motion for reconsideration, (ECF No. 80), is denied as moot.

1

I.

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also* L. R. Civ. P. 7.1(i); *see generally*, *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). The moving party must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate has overlooked." L. Civ. R. 7.1(i). The grounds for granting a motion for reconsideration are: (1) "an intervening change in the law," (2) "newly discovered evidence," or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Heine v. Bureau Chief Div. of Fire & Safety*, 765 F. App'x 816, 822 (3d Cir. 2019) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "Reconsideration is justified only when dispositive factual matters or controlling decisions of law . . . were presented to, but not considered by, the court in the course of making the decision at issue." *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010) (internal quotation marks omitted); *see also* L. Civ. R. 7.1(i).

Reconsideration is not appropriate where the moving party raises an issue for the first time, *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001), or simply disagrees with the court's initial decision, *Florham Park Chevron, Inc. v. Chevron*

*U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988); *see also Johnson v. Berryhill*, No. 17-2490, 2019 WL 78786 (D.N.J. Jan. 2, 2019). "A motion for reconsideration is not a vehicle to reargue the motion; because reconsideration is an extraordinary remedy, requests pursuant to these rules are to be granted sparingly." *Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014) (internal quotation marks omitted).

## II.

Stafford's argument in support of reconsideration is that the Court made a "clear error" of law in denying summary judgment of Anyclo International's embezzlement, RICO, and fraud claims against Stafford. Specifically, Stafford submits that Anyclo International failed to uncover evidence of Stafford's fraudulent intent. (ECF No. 81-1 at 2-4). Stafford submits that the Court misapplied precedent in: *Waterloov Gutter Protection Sys. Co. v. Absolute Gutter Protection*, 64 F. Supp. 2d 398 (D.N.J. 1999); *Cont'l Cas. Co. v. Slonchka*, No. 04-1587, 2005 WL 2176834 (W.D. Pa. Aug. 18, 2005); and *United States v. Chaffo*, 452 Fed. Appx. 154, 160 (3d Cir. 2011), in finding that Stafford's intent was a question for the jury to decide absent "affirmative evidence" of his intent. (ECF No. 81-1 at 4-5). Stafford further submits that the Court misconstrued New Jersey's law for aiding and abetting fraud because Stafford can only be liable for

aiding and abetting fraud if he knew that his parents were breaching a duty to Anyclo International. (*Id.* at 5).

    First, Stafford's argument gets the burden of persuasion on summary judgment backwards. Under Fed. R. Civ. P. 56, the *movant* must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In evaluating a motion for summary judgment, a court must "view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party." *Ayala v. Assured Lending Corp.*, 804 F. Supp. 2d 273, 278 (D.N.J. 2011).

    Intent to commit various forms of fraud almost always "hinges on credibility determinations that the Court cannot make." *Akishev v. Kapustin*, No. 13-78152, 2016 WL 1365991, at *5 (D.N.J. Apr. 5, 2016). It is well-established that "[i]ssues such as intent and credibility are rarely suitable for summary judgment," and are best left to the factfinding role of a jury. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). This is because credibility determinations often require weighing diverging accounts, implicating the jury's factfinding role. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). Otherwise, summary judgment would become a "trial on affidavits." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In other words, the Court could not simply accept Stafford's denials of any intent to defraud Anyclo International.

4

To that end, *Waterloov*, may have distinguishable facts from this case, but still stands for the proposition that questions of credibility are left to the jury. 64 F. Supp. 2d at 419. Judge Orlofsky noted that "[e]specially in cases where witness credibility is crucial to the determination of a factual issue, courts should permit the issue to be tried to a jury." *Id.*

While it is true that on summary judgment "an opponent may not prevail merely by discrediting the credibility of the movant's evidence," and "must produce some affirmative evidence," *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), there is some affirmative evidence of Stafford's intent to defraud Anyclo International. Given the Court's obligation to make "reasonable favorable inferences" in the non-moving party's favor on summary judgment, *Ayala*, 804 F. Supp. 2d at 278, the Court made the reasonable inference that Stafford intended to defraud or otherwise participate in his parents' fraudulent scheme based on Stafford's repeated transfers of Anyclo International's money from his bank account to his parents' accounts. (ECF No. 78 at 8-9).

To make that inference, the Court relied on *Slonchka*, 2005 WL 2176834, and *Chaffo*, 452 Fed. Appx. 154. Stafford criticizes the Court's reliance on *Slonchka* because that case involved a motion to dismiss, (ECF No. 81-1 at 7), which is decided according to a different standard than a motion for summary

5

judgment. This distinction is of no consequence here. In *Slonchka*, the court determined that the *allegation* that "repeated payments made to a number of individuals" was sufficient for the court to infer the "alleged co-conspirators were aware of a conspiracy and knew the acts were part of an overall pattern of racketeering activity." On summary judgment in this case, the Court did not rely on a mere allegation by Anyclo International that Stafford made repeated payments to his parents; rather, the Court relied on months of banking records of Stafford's repeated payments. *See* (ECF No. 78 at 3-5). Stated differently, the Court relied on this "affirmative evidence" of Stafford's intent to defraud Anyclo International in denying summary judgment. *Big Apple BMW*, 974 F.2d at 1363.

Stafford criticizes the Court's reliance on *Chaffo*, because that case involved an appeal of a jury verdict in a fraud case and witness testimony presented at trial to support the government's case. (ECF No. 81-1 at 4). But the Third Circuit determined that "based on the *repeated* misrepresentations and deals made in the two schemes," by the defendant, "the jury *could* conclude that this was not a simple oversight or mistake, but rather a calculated and deliberate decision to participate." 452 Fed. Appx. at 160 (emphasis added). In denying summary judgment, the Court determined that like *Chaffo*, Stafford's repeated transfers of money could be enough to infer that he intended to defraud Anyclo International

and was not merely an unwitting participant in his parents' scheme. (ECF No. 78 at 8-9).

In sum, there was no "clear error" in relying on *Slonchka* and *Chaffo*, or in inferring that Stafford could have intended to defraud Anyclo International, because it is appropriate to leave the credibility of Stafford's denial of any fraud for the jury to decide. *Big Apple BMW*, 974 F.2d at 1363. The same rationale applies to the aiding and abetting theory. *See Chaffo*, 452 Fed. Appx. at 160.

## ORDER

**THIS MATTER** having come before the Court on Defendant Stafford Cha's Motion for Partial Reconsideration (ECF No. 81); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons,

**IT IS** on this 27th day of April 2022,

**ORDERED** that Defendant Stafford Cha's first Motion for Partial Reconsideration (ECF No. 80) is **DENIED** as moot;

**ORDERED** that Defendant Stafford Cha's second Motion for Partial Reconsideration (ECF No. 81) is **DENIED.**

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.