# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# VICINAGE OF TRENTON

| | |
|---|---|
| ANYCLO INTERNATIONAL INC., a corporation,<br><br>                         Plaintiff,<br><br>vs.<br><br>YANG-SUP CHA, an individual, NAM-HEE KIM, an individual, STAFFORD CHA, an individual, ANYCLO USA, INC., a corporation, MOJO MOTO, LLC, a corporation, JOHN DOES (1-20), JANE DOES (1-20) and ABC CORPORATIONS (1-10),<br><br>                         Defendants. | Civil Action<br><br>Case No. 3:18-CV-05759<br><br><br><br><br><br><br><br><br><br>**Document Electronically Filed.** |

## PLAINTIFF ANYCLO INTERNATIONAL, INC.'S
## TRIAL BRIEF

**Gregory J. Cannon Esq.**
**SOBEL HAN & CANNON, LLP**
**105 Reids Hill Road, Suite B**
**Aberdeen, New Jersey 07747**
**(201) 603-3697 (phone)**
**(646) 513-2648 (fax)**
**gcannon@sobelhan.com**

This matter arises from Defendants' scheme to defraud Plaintiff Anyclo International, Inc. ("Plaintiff") and divert funds from the parties' joint business venture into the personal accounts of Defendants Yang-Sup Cha ("YS Cha"), Nam-Hee Kim ("NH Kim"), and Stafford Cha.

By way of background, YS Cha and NH Kim are husband and wife, and Stafford Cha is their son. Plaintiff is a textile manufacturer with factories in various parts of Asia, and provides finished goods to clothing retailers in the United States.

In October 2016, Plaintiff hired YS Cha to market Plaintiff's goods and to assist in creating Anyclo USA, Inc. as a New York corporation. As part of the joint venture, YS Cha opened a bank account at Bank of America for Anyclo USA's operations.

Under their agreement, Plaintiff and YS Cha opened Anyclo USA as a joint business venture, whereby: (1) YS Cha sold orders for Plaintiff's goods to American buyers; (2) Plaintiff fulfilled those orders by shipping goods directly to the American buyers from Asia; (3) the buyers paid Anyclo USA's American bank account; and (4) YS Cha would regularly wire the sales proceeds from Anyclo USA's American bank account to Plaintiff's South Korean bank account.

In return for his services, Plaintiff agreed to pay YS Cha compensation and expenses of approximately $13,000.00 per month, which generally included: $2,558.57 monthly office rent, $1,000.00 commuting reimbursement, $8,962.23 salary, $214.20 workers compensation, $250.00 monthly accounting fee, and a $15.00 incoming wire fee.

Every month during the operation of Anyclo USA from October 2016 to January 2018, YS Cha provided monthly accountings to Plaintiff to justify his monthly compensation and expense payments. Every month from October 2016 to January 2018, Plaintiff wired between $10,000 and $15,000 to Anyclo USA's bank account for YS Cha's compensation and expenses.

Completely separate from YS Cha's compensation and expense payments, third-party buyers to whom YS Cha had sold orders and Plaintiff had delivered merchandise would also make payments for the merchandise into Anyclo USA's American bank account.

YS Cha would then wire those sales proceeds to Plaintiff in South Korea in payment for the merchandise that had been delivered to Anyclo USA's buyers. The joint venture resulted in YS Cha delivering orders to Plaintiff through Anyclo USA for about a year.

At all times, Anyclo USA's bank account was always under the full control of YS Cha.

From December 1, 2016 to August 31, 2017, Anyclo USA's bank account received incoming deposits of: (1) $87,000 from Plaintiff for YS Cha's compensation and expenses; and (2) $579,310.08 from third-party buyers.

From December 1, 2016 to August 31, 2017, YS Cha withdrew from Anyclo USA's bank account: (1) $571,336.83 sent to Plaintiff from third-party buyers; and (2) $83,906.04 paid to YS Cha as compensation and expenses.

From December 1, 2016 to August 31, 2017, YS Cha retained approximately $8,000 from the $579,310.08 in third-party buyer payments received by Anyclo USA, which retention of funds became a source of disagreement between the parties over the terms of their business arrangement.

Following Plaintiff's deposit of only $10,000 for YS Cha's compensation and expenses into Anyclo USA's bank account on August 24, 2017, YS Cha contacted Plaintiff to dispute his compensation and expense payments. Plaintiff rebuffed YS Cha's demands for more money. It was at this point that YS Cha resolved to pay himself from the third-party buyers' funds on deposit in Anyclo USA's bank account, which funds were under his full control.

On September 12, 2017, a third-party buyer deposited $181,942.26 into Anyclo USA's bank account for merchandise delivered directly to the buyer by Plaintiff. When YS Cha then transmitted to Plaintiff only $45,793.00 on September 19, 2017, and only another $34,659.00 on October 16, 2017, and only another $48,439.50 on November 8, 2017 (totaling just $128,891.50), Plaintiff became suspicious and worried.

On December 8, 2017 and December 15, 2017, another third-party buyer paid $119,697.68 into Anyclo USA's bank account in two (2) deposits of $59,848.84 each. When YS Cha wired only $46,250.88 from Anyclo USA to Plaintiff on December 15, 2017, Plaintiff directly questioned YS Cha about where the remaining funds were located.

Such questions led Plaintiff to discover that YS Cha had inflated Anyclo USA's expenses to receive fraudulent payments from Plaintiff throughout their relationship.

For example, at the outset of the venture, YS Cha had presented Plaintiff with a forged office lease for Anyclo USA for $2,558.57 monthly rent, with a $6,300.00 security deposit. This lease formed part of the basis of YS Cha's accountings for his monthly compensation and expenses being paid by Plaintiff. Subsequent investigation, and ultimately a subpoena to Anyclo USA's landlord, revealed the true lease of the same date as YS Cha's forgery, but at a lower monthly rent of $1,800.00, with a $3,600.00 security deposit.

YS Cha also forged a "Confirmation Letter of Investment" from "Onwards – Certified Public Accountants Corporation" and presented it to Plaintiff as proof of the joint venture's value. At deposition, YS Cha admitted that he used old phone numbers and an old company name to create the document.

3

At the outset, YS Cha also claimed to Plaintiff that a "set-up fee" of $10,000.00 was required for incorporating Anyclo USA in New York State. In reality, YS Cha paid just $600.00 to Daniel Cho, CPA of Edison, New Jersey to incorporate Anyclo USA.

Numerous discoveries like the foregoing led to the downfall of the joint venture.

After YS Cha's last wire of $46,250.88 in third-party buyer funds from Anyclo USA to Plaintiff on December 15, 2017, and following Plaintiff's questions, YS Cha stopped forwarding any money to Plaintiff.

By February 2018, substantial third-party buyer payments were being deposited into Anyclo USA's American bank account, to which Plaintiff had no access or control.

By e-mail to YS Cha dated February 26, 2018, Plaintiff's President, Dong Geun Song, demanded from YS Cha the return of the third-party funds.

As of February 22, 2018, there was $537,484.06 on deposit in Anyclo USA's bank account.

From December 1, 2016 to February 22, 2018, Anyclo USA's bank account received incoming deposits of: (1) $134,118.33 from Plaintiff for YS Cha's compensation and expenses; and (2) $1,315,132.53 from buyers for Plaintiff's goods.

From December 1, 2016 to February 22, 2018, YS Cha withdrew from Anyclo USA's bank account: (1) $756,296.21 sent to Plaintiff or paid to the IRS; and (2) $155,470.59 paid to YS Cha as compensation and expenses.

The foregoing transactions left $537,484.06 in Anyclo USA's bank account as of February 22, 2018 – at which time, Plaintiff demanded its return, in writing.

4

Furthermore, Plaintiff's President, Mr. Song, traveled from South Korea to New York City in March 2018. On March 19, 2018, Mr. Song met with YS Cha, whereat Mr. Cha demanded that Plaintiff restore the parties' relationships, and agreed to transmit $250,000 from Anyclo USA to Plaintiff as a show of good faith.

Prior to meeting with Mr. Song, and without informing Mr. Song at their meeting, YS Cha had already written eleven (11) checks totaling $129,174.75 to himself from Anyclo USA's bank account between February 22, 2018 and March 20, 2018.

On March 20, 2018, YS Cha transmitted $250,000.00 to Plaintiff in the apparent hope of restoring business with Plaintiff, notwithstanding his already enormous breaches of trust.

From the original $537,484.06 in Anyclo USA's bank account as of February 22, 2018, YS Cha paid $250,000 to Plaintiff on March 20, 2018, reducing the amount of third-party buyers' funds in his possession to $287,484.06.

From February 22, 2018 to April 30, 2018, YS Cha inexplicably wrote fourteen (14) checks totaling $157,374.75 to himself from the $287,484.06 in third-party buyer funds.

In June 2018, YS Cha inexplicably made a purchase in South Korea with the debit card for Anyclo USA's bank account, incurring charges of $1,334.66, and bringing the total funds paid to himself to $158,709.41 of the $287,484.06 in third-party buyer funds left under his control.

On August 2, 2018, despite the end of the joint venture, a third-party buyer incorrectly utilized on-file wire information and paid Plaintiff for merchandise by mistakenly wiring $97,286.46 to Anyclo USA's bank account.

YS Cha did not acknowledge receipt, nor return the mistaken wire transfer, thereby increasing the total amount of third-party buyer funds left under his control in Anyclo USA's bank account to $384,770.52.

On October 4, 2018, thirteen days after Plaintiff filed a motion to deposit all funds into court, YS Cha paid $19,707.12 for his personal attorneys' fees and costs from the Anyclo USA's bank account, bringing the total funds paid or spent on himself to $178,416.53 of the $384,770.52 in third-party buyer funds left under YS Cha's control in Anyclo USA's bank account.

On October 26, 2018, YS Cha wrote a check for $2,994.35 to pay his home mortgage, bringing the total funds paid to or spent on himself to $181,410.88 of the $384,770.52 in third-party buyer funds left under YS Cha's control in Anyclo USA's bank account.

On November 27, 2018, with Plaintiff's motion to save its remaining third-party buyer funds still pending, YS Cha wrote another check to himself in the amount of $8,000.00, bringing the total funds paid to or spent on himself to $189,410.88 of the $384,770.52 in third-party buyer funds left under his control in Anyclo USA's bank account.

After agreeing to deposit all funds into court via telephonic conference with the Court on November 29, 2018, and before the Order was filed on December 4, 2018, YS Cha wrote another check to himself on December 3, 2018 in the amount of $2,557.29, bringing the total funds paid to or spent on himself to $191,968.17.

After spending on personal expenses or paying to himself a total of $191,968.17 in third-party funds from Anyclo USA's bank account, YS Cha deposited the last remaining $176,712.35 into court on December 19, 2018.

Through bank statements, Plaintiff will prove that, of the $384,770.52 in third-party buyer funds left in Anyclo USA's bank account, from February 22, 2018 to December 19, 2018:

(1) $690.00 was spent on bank fees;

(2) $15,400.00 was spent by YS Cha via eight (8) checks of $1,925.00 each for purported office rent for Anyclo USA;

(3) $167,932.04 was converted by YS Cha via sixteen (16) checks of various amounts written directly to himself;

(4) $19,707.12 was converted by YS Cha to pay his personal attorneys' fees and costs;

(5) $2,994.35 was converted by YS Cha to pay his home mortgage;

(6) $1,334.66 was converted by YS Cha in South Korea via Anyclo USA's debit card; and

(7) $176,712.35 was deposited into court on December 19, 2018.

Accordingly, Plaintiff respectfully submits that, following trial, the jury should render a verdict: (1) directing the disbursement of $176,712.35 to Plaintiff from the funds deposited into court; and (2) entering judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $208,058.17.

By: _s/Gregory J. Cannon_

Gregory J. Cannon Esq.

SOBEL HAN & CANNON, LLP

105 Reids Hill Road, Suite B

Aberdeen, New Jersey 07747

(201) 603-3697 (phone)

(646) 513-2648 (fax)

DATED: June 29, 2023                        gcannon@sobelhan.com