# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# VICINAGE OF TRENTON

| | |
|---|---|
| ANYCLO INTERNATIONAL INC., a corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>YANG-SUP CHA, an individual, NAM-HEE KIM, an individual, STAFFORD CHA, an individual, ANYCLO USA, INC., a corporation, MOJO MOTO, LLC, a corporation, JOHN DOES (1-20), JANE DOES (1-20) and ABC CORPORATIONS (1-10),<br><br>                    Defendants. | Civil Action<br><br>Case No. 3:18-CV-05759-PGS-LHG<br><br><br>**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**<br><br><br>**Document Electronically Filed.**<br><br>**Trial Date (Fixed by Court):**<br>      **July 24, 2023** |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

      Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

      You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

      You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

      In this case, Plaintiff Anyclo International, Inc. is a South Korean company that entered into a business arrangement with Defendant Yang-Sup Cha, whereunder Mr. Cha would incorporate and operate Anyclo USA, Inc. for the purpose of finding American buyers for Plaintiff's goods; specifically, within the New York metropolitan area.

      Plaintiff Anyclo International, Inc. claims that Defendant Yang-Sup Cha breached their business arrnagement by converting and embezzling $384,770.52 in third-party buyer payments remitted to Anyclo USA, Inc. Plaintiff also claims that Mr. Cha fraudulently conveyed those third-party buyer funds from Anyclo USA, Inc. to his family members, Defendants Nam-Hee Kim and Stafford Cha. Plaintiff further alleges that Defendants Yang-Sup Cha, Nam-Hee Kim, and Stafford Cha entered into the business arrangement to intentionally defraud Plaintiff.

Defendants Yang-Sup Cha, Nam-Hee Kim, and Stafford Cha deny those claims, and Mr. Cha contends that all funds withdrawn from Anyclo USA's bank account were appropriate compensation for his provision of American buyers and his services operating Anyclo USA, Inc.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that Plaintiff Anyclo International, Inc. must prove to make its case:

In order to prove its claim for breach of contract, Plaintiff Anyclo International, Inc. must prove that: (1) both parties accepted the terms of the joint business arrangement; (2) Plaintiff upheld its legal obligation to deliver goods to American buyers; (3) Defendant Yang-Sup Cha failed to perform his obligation(s) under the terms of the joint business arrangement; and (4) Plaintiff sustained monetary damages as a result of Mr. Cha's breach of the contract.

In order to prove its claim for conversion against Defendants, Plaintiff Anyclo International, Inc. must prove that: (1) it is the rightful owner of the third-party buyer funds at issue; (2) Defendants have wrongfully converted some or all of those funds for their own personal use; and (3)) Plaintiff sustained damages as a result of the conversion of those funds.

In order to prove its claim for fraud, Plaintiff Anyclo International, Inc. must prove that: (1) Defendants made a representation of fact; (2) which was false; and (3) material to the parties' joint business venture; and that (4) Defendants knew of its falsity; and (5) intended for Plaintiff to rely upon its falsity; and (6) Plaintiff indeed relied upon the false statement; thereby (7) causing Plaintiff to suffer monetary damages.

Finally, in order to prove its claim for fraudulent conveyance, Plaintiff Anyclo International, Inc. must prove that Defendant Yang-Sup Cha, knowing of Plaintiff's claim to the disputed third-party buyer funds, intentionally transferred those funds to Defendants Nam-Hee Kim and Stafford Cha to place those funds beyond the reach of Plaintiff's recoupment efforts.

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services, or through any blog, website, internet chat room, or by way of any other social networking websites or services.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

The evidence from which you are to find the facts consists of the following:

    1. The testimony of the witnesses;

    2. Documents and other things received as exhibits;

    3. Any facts that are stipulated--that is, formally agreed to by the parties; and

    4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

    1. Statements, arguments, and questions of the lawyers for the parties in this case;

    2. Objections by lawyers.

      3. Any testimony I tell you to disregard; and

      4. Anything you may see or hear about this case outside the courtroom.

      You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

      You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

      There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

      Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

      There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

      The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

      You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

    (1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

    (2) the quality of the witness's understanding and memory;

    (3) the witness's manner while testifying;

    (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

    (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

    (6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

    (7) any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use -- they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

    1.    <u>Note-taking is permitted, not required</u>. Each of you may take notes. No one is required to take notes.

    2.    <u>Be brief</u>. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from

that task.  If you wish to make a note, you need not sacrifice the opportunity to make important observations.  You may make your note after having made an observation.

3.  <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>.  In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes.  As I mentioned earlier, your notes are not official transcripts.  They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial.  They are valuable, if at all, only as a way to refresh your memory.  Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case.  You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4.  <u>Do not take your notes away from court</u>.  I repeat, at the end of each day, please leave your notes in the jury room.  If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night.  At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations.

This is a civil case. Plaintiff Anyclo International, Inc. is the party that brought this lawsuit.  Defendants Nam-Hee Kim and Stafford Cha are the parties against whom the lawsuit was filed.  Plaintiff Anyclo International, Inc. has the burden of proving its case by what is called the preponderance of the evidence.  That means Plaintiff has to prove to you, in light of all the evidence, that what it claims is more likely so than not so.  To say it differently: if you were to put the evidence favorable to Plaintiff and the evidence favorable to Defendants on opposite sides of the scales, Plaintiff would have to make the scales tip somewhat on its side.  If Plaintiff fails to meet this burden, the verdict must be for Defendants.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, Defendants have the burden of proving the elements of the defense by a preponderance of the evidence.  I will instruct you on the facts that will be necessary for you to find on these affirmative defenses. An affirmative defense is proven if you find, after considering all evidence in the case, that Defendants have succeeded in proving that the required facts are more likely so than not so.

Defendants have also brought claims for relief against Plaintiff, called counterclaims. On these claims, Defendants have the same burden of proof as has Plaintiff on its claims.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this.  So you should put it out of your mind.

The trial will proceed in the following manner:

First, the attorney for Plaintiff Anyclo International, Inc. will make an opening statement to you. Next, the attorney for Defendants Yang-Sup Cha, Nam-Hee Kim, and Stafford Cha will make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

After the attorneys have made their opening statements, then each party is given an opportunity to present its evidence.

Plaintiff goes first because Plaintiff has the burden of proof. Plaintiff will present witnesses whom the attorney for Defendants may cross-examine, and Plaintiff may also present evidence. Following Plaintiff's case, Defendants may present evidence. The attorney for Plaintiff may cross-examine witnesses for the defense.

After all the evidence has been presented, the attorneys will each present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. Once the closing arguments are completed, I will then instruct you on the law. After that you will retire to the jury room to deliberate on your verdict in this case.

By: _s/Gregory J. Cannon_

Gregory J. Cannon Esq.
SOBEL HAN & CANNON, LLP
105 Reids Hill Road, Suite B
Aberdeen, New Jersey 07747
(201) 603-3697 (phone)
(646) 513-2648 (fax)
gcannon@sobelhan.com

DATED: June 29, 2023